### Calvin Goodspeed v. Joseph Dean.

*Land contract: effect of vendor terminating it.* — A vendor, having, on default by
the vendee, elected to treat as void a contract which he had given for the
sale of lands, and having given the vendee notice to quit, must be regarded as
having relinquished his right to the amount then due on the contract. He
can not treat the contract as void in respect to the rights which it secured
to the vendee, and valid in respect to those which it secured to himself.

*Heard May 3d. Decided May 10th.*

Case made after judgment from Livingston Circuit.

On April 10th, 1860, plaintiff entered into a contract
with defendant to sell him a certain parcel of land for
the sum of $2,100, $100 of which was to be paid down,
$100 with interest on the whole February 10, 1861, and
the balance in five equal annual payments, with annual
interest. The contract contained the following clauses:

"In case default shall be made by the party of the
second part, his heirs, executors, administrators or assigns,
in any of the conditions above stipulated, to be performed
by him, it shall and may be lawful for the party of the
first part, if he sees fit, to declare this contract void, and
to re - enter upon the said premises at any time after
such default without serving on the party of the second
part, or other person holding under him, a notice to quit
said land.

"And in case said contract shall be so declared void
the party of the second part shall henceforth be deemed
a mere tenant at will under the said party of the first
part, and be liable to be proceeded against in the same
manner, without notice to quit, under the provisions of an
act regulating proceedings in case of forcible entry and
detainer and the acts amending the same; and the said
party of the first part in such case shall be at liberty
to sell the land to any person or persons whomsoever,
without being liable in law or equity to the party of
the second part, or any persons claiming under him, for

GOODSPEED v. DEAN.

any damage in consequence of such sale, or to return any payment made on account of this contract, and payments that shall have been made may be held by the party of the first part as stipulated damages for the non-performance of this contract."

The first $100 was paid at the date of this contract. The payment due February 1, 1861, was not paid, and on the fifth of March following, plaintiff served upon defendant a notice to quit the premises. April 1, 1861, the parties entered into a new contract for the purchase by defendant of the same land, for the sum of $2,000, $400 of which was to be paid April 1, 1864, and the remainder in four equal annual payments thereafter, with interes. This contract made no allusion to the former one.

The present action was brought to recover one year's interest on the first contract. The plaintiff claimed that it was orally agreed, between himself and the defendant, that the latter would pay him the interest due on the first contract, if he could have a new contract postponing the payment of the principal. In respect to this oral contract, the evidence was conflicting.

*O. Hawkins* and *T. M. Cooley* for plaintiff.

*G. V. N. Lothrop* for defendant.

CHRISTIANCY J.:

By the first written contract the plaintiff had the option, on any default in payment, to treat the contract as void, and the defendant was thenceforth to be deemed a tenant at will; plaintiff having a right to re-sell the land without being liable to any damage in consequence of such sale, or to return any payment which had been made on the contract. Defendant having failed to pay the installment of one hundred dollars due February 10, 1861, and the interest on the two thousand dollars then due, the plaintiff elected to treat the contract as void,

and gave defendant a notice to quit. By this election we think he must be understood as having also relinquished his right to the amount then due upon the contract. He could not treat it as void in respect to the rights which it secured to the defendant, and valid in respect to those which it secured to himself. Having declared it void as to the land, it was void also as to the payments which it had bound the defendant to make for the land. There was nothing therefore upon which plaintiff could base a right of action for either the principal or the interest which had become due upon it.

He was at liberty to re-sell the land on such terms and for such price as he should be able to obtain, whether it were the same amount or more or less than the old contract had provided for.

He chose to sell the land again to the defendant, and entered into a new written contract with him to sell it for the price of two thousand dollars, which happens to be the same amount of principal which remained unpaid upon the old contract, including the one hundred dollars which had become due upon it. If by the new arrangement for a re-sale, it had been intended that the defendant should pay a sum equal not only to the principal unpaid but also the interest accrued upon the old contract, this would in effect have constituted a part of the price, and would therefore naturally have been included in the new written contract, which covered the whole subject matter of the land, the price and mode of payment.

It is true it would have been competent for the parties to have provided for so much of the price as was equal to this back interest by a separate and independent contract. But being in effect a part of the price, and therefore a part of the same subject matter as the new written contract, any verbal conversation or agreement which might have been had or made prior to or at the

same time of the new written contract, I am inclined to think must be looked upon as merged in the latter, which purports to fix the whole price to be paid. There was no written contract for the payment of this interest either before or after the new contract, and none is claimed. If a verbal contract for its payment was made after the new written contract, it might be very questionable whether it would rest upon a sufficient consideration. But it is unnecessary to discuss the effect of such oral contract, whether prior or subsequent to the new written contract, as from a careful review of the evidence we are by no means satisfied that any such verbal contract was made either before, at the time, or after the new written contract. Independent of the inferences to be drawn from the two written contracts, we think there is a strong preponderance of evidence that no such contract was made. The plaintiff's own testimony, we think, shows nothing more than a proposition on the subject which does not seem to have been at any time fully agreed upon by both parties. He says they entered into no positive bargain until they entered into the new contract, meaning the written contract. After this new contract he says the defendant offered to pay sixty dollars of this interest, and secure the balance by chattel mortgage, but this he then declined, till he should take counsel, and here the matter seems to have ended.

The judgment of the Court below must be affirmed, with costs.

The other Justices concurred.