## PUTNAM H. CHILD AND LETTIE CHILD v. JOSEPH EMERSON.

*Slander—Parties—Misjoinder—Profit-sharing.*

1. It is not uncommon to allow employés to participate in the profits of the business, but such method of determining their compensation does not entitle them to join with the employer in an action for an injury to the business.

2. A married woman purchased and established a milk and cream business, and constituted her husband her general agent and manager for a term of years, and agreed to pay him for his services $50 per month in advance, and five-eighths of the net profits of the business, to be calculated annually. And it is held that the husband had no property interests in the proceeds of the business, nor in the profits until an actual division of the same had been made, and that he was improperly joined with his wife in an action for slander of said business.

Error to Macomb. (Vance, J., presiding.) Argued June 23, 1894. Decided September 25, 1894.

Case. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*O. E. Angstman,* for appellants.

*Silas B. Spier* and *Robert F. Eldredge,* for defendant.

McGRATH, C. J. Plaintiffs are husband and wife. In November, 1891, they entered into an agreement in writing, the material portions of which are as follows:

"*Whereas,* said party of the first part has this day purchased and established a certain milk and cream business at 804 Third avenue, Detroit, Michigan, hereafter to be known and styled the 'Edgewood Jersey Milk Company:'

"She does, for the consideration hereinafter set forth, appoint, make, and constitute said Putnam H. Child her general agent and manager in said business, for the term of five years from and including this date, hereby agreeing to pay said Putnam H. Child for his said services, well and truly to be performed, the full sum of $50 per month, in advance, also five-eighths of the net profits of said business, to be calculated annually. And said second party on his part agrees well and truly to perform said services as agent and general manager of said Edgewood Jersey Milk Company, and to accept said compensation as above set forth in full for the same."

This is an action for a slander of said plaintiffs in relation to said business. The trial court held that Putnam H. Child did not have such an interest in the business as entitled him to join with his wife in this action, and directed a verdict for defendant.

It is conceded that plaintiffs were not partners. The action is for slander of the business. The business is not the joint business of plaintiffs. It is that of Lettie Child. Putnam H. Child has no property interests in the proceeds of the business. Until the profits are ascertained, and an actual division is had, he has no property interest in them. He is simply an employé, the amount of whose compensation is determined by the amount of the profits. It is not uncommon to allow employés to participate in the profits, but such method of determining the compen-

·sation does not entitle such employé to join with the proprietor in an action for an injury to the business.

In *Ashby v. Railroad Co.*, 5 Metc. 368, cited by plaintiffs, a petition was filed for damages alleged to have been sustained by reason of the laying out of a railroad over certain land, upon which petitioners had erected machinery at joint expense, and were carrying on business for their common benefit, although the fee of the land was in one of the petitioners. The court held that, under the statutes of that state, it was not necessary that the claimant should be the owner; that if petitioners were interested in one and the same estate, whether such interests were joint or several, it was within the spirit, if not within the express provision, of the statute, that they should join in one petition, and that the jury might apportion the damages.

In *White v. Bascom*, 28 Vt. 268, plaintiffs were jointly engaged in transporting merchandise upon a boat which was owned by one of them. The court found that the boat was clearly in the joint use of plaintiffs, and the earnings their joint property, and held that the fact of such joint use gave them a special interest or property therein, and conferred upon them the same right to sue a stranger to the title for an injury thereto as if they had obtained it from a third person.

In *Bond v. Pittard*, 3 Mees. & W. 357, A. and B. were held properly joined as plaintiffs, as the money, when recovered, would be joint property.

These cases do not support plaintiffs' contention.

The general rule is that two or more persons cannot join in an action for slander. At common law, the wife cannot sue alone in any case for a personal injury to herself. This is one of the exceptions to the rule. The only other exceptions are in cases of slander to business or

title, when the persons jointly interested in the business as partners, or the joint owners of the property the title of which is slandered, must join.

The judgment is affirmed.

LONG, GRANT, and HOOKER, JJ., concurred. MONTGOMERY, J., did not sit.