CHICAGO BOULEVARD LAND CO. *v.* APARTMENT GARAGES.

1. VENDOR AND PURCHASER—VENDOR'S REMEDIES ON VENDEE'S DEFAULT.

On vendee's default in a land contract containing the usual forfeiture clause, vendor may treat the contract as continuing in force and sue at law for payments due, bring suit in equity for foreclosure of his lien, or he may declare the contract forfeited.

2. SAME—FORFEITURE.

Ejectment or summary proceedings to regain possession are no part of forfeiture of a land contract.

3. SAME—PURPOSE AND EFFECT OF FORFEITURE.

The purpose and effect of a valid declaration of forfeiture of a land contract are to end the contract and discharge the vendor of the duty to convey and the vendee of duty to pay, and, consequently, after forfeiture, action at law will not lie for recovery of any part of the purchase price, nor may suit in equity for foreclosure and deficiency decree be maintained.

As to right of vendor to unpaid installments of purchase price where contract was terminated or been rescinded for default of vendee, see annotation in L. R. A. 1916C, 893.

4. WAIVER—RELINQUISHMENT NOT CONSERVATION OF RIGHT.

Waiver is a relinquishment, not a conservation of rights; it prevents, not permits, assumption of and choice between inconsistent positions.

5. VENDOR AND PURCHASER—VENDOR MAY NOT WAIVE FORFEITURE AND REINSTATE CONTRACT WITHOUT VENDEE'S CONSENT.

While forfeiture of land contract may be waived, and commencement of suit for foreclosure of vendor's lien is a waiver by him of prior forfeiture, he may not waive forfeiture and reinstate the contract without the consent or acquiescence of the vendee, by bringing suit in equity for foreclosure and deficiency decree.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted November 24, 1928. (Docket No. 95, Calendar No. 34,024.) Decided January 7, 1929.

Bill by the Chicago Boulevard Land Company against the Apartment Garages, Incorporated, for the foreclosure of a land contract. From a decree for plaintiff, defendant appeals. Reversed, and bill dismissed.

*Lloyd L. Axford* and *William E. Tarsney,* for plaintiff.

*Retan & Zeleznik,* for defendant.

FEAD, J. October 26, 1926, plaintiff sold defendant certain premises on land contract. February 21, 1927, defendant was in default and plaintiff gave notice of forfeiture of the contract. Defendant paid up, later again became in default in payments, and on May 19, 1927, plaintiff gave it another notice of forfeiture. There is no claim that the notice was not sufficient nor effective. Nothing further was done by either party until July 23, 1927, when plaintiff filed this bill for foreclosure of contract, praying

sale of the premises and deficiency decree. Under the contract defendant had right of possession of the premises, but it had no actual possession as the property was vacant. The contract contained the usual provision that on default of the vendee the vendor had the right to declare the contract void, retain moneys paid and improvements, and retake possession. Defendant concedes plaintiff's right to take possession. Plaintiff had decree of foreclosure and for deficiency.

Having so declared forfeiture, can plaintiff maintain this action? On vendee's default in a land contract containing the usual forfeiture clause, vendor may treat the contract as continuing in force and sue at law upon it for payments due or bring action in equity for foreclosure of the vendor's lien and deficiency decree; or he may declare it forfeited. Ejectment or summary proceedings to regain possession are no part of forfeiture. *Crenshaw* .v. *Granet,* 237 Mich. 367. The purpose and effect of a valid declaration of forfeiture are to end the contract and discharge vendor of the duty to convey and vendee of duty to pay. Consequently, after forfeiture, action at law will not lie for recovery of any part of the purchase price. *Goodspeed* v. *Dean,* 12 Mich. 352; L. R. A. 1916 C, 893, note. By the same token, suit in equity for foreclosure and deficiency decree cannot be maintained.

"If the vendor exercises his option to declare the contract at an end, he cannot change his position and thereafter hold the purchaser liable to complete the purchase or pay any part of the unpaid purchase money. The remedy of the vendor by way of a cancellation of the contract and the continued liability of the purchaser for the purchase money are totally inconsistent, and the exercise of the former termi-

nates any further liability of the purchaser for the purchase money.'' 27 R. C. L. p. 666.

However, forfeiture may be waived. *Krell* v. *Cohen*, 214 Mich. 590. Commencement of suit for foreclosure of vendor's lien is a waiver by vendor of prior forfeiture. *Old Second National Bank* v. *Savings Bank*, 115 Mich. 548. Plaintiff here leans heavily upon the latter authority. But in that case the vendee made claim of waiver and vendor relied upon the forfeiture. Here the positions of the parties are reversed. Vendee claims the forfeiture as continuing and vendor asserts it was waived and the contract reinstated by commencement of this action. Waiver is a relinquishment, not a conservation of rights. It prevents, not permits, assumption of and choice between inconsistent positions. It would be a novel and unjustifiable extension of the doctrine of waiver to permit a vendor to forfeit a land contract, discharge the obligations of both himself and the vendee, and, at a future time when the exigencies might work in his favor thereby, reinstate the contract and its liabilities by his own act, without the consent or acquiescence of the vendee.

A court of equity will sometimes relieve a vendee against forfeiture where his default has been merely in the payment of money and his general conduct has not been such as to render it unjust that he should be relieved. *Lozon* v. *McKay*, 203 Mich. 364. Defendant does not ask reinstatement of the contract nor offer to redeem. The forfeiture is effective.

The decree will be set aside and one entered dismissing the bill, with costs of both courts to defendant.

NORTH, C. J., and FELLOWS, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.