### DUNDAS *v.* FOSTER.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—VENDOR AND PUR-
CHASER—NOTICE OF FORFEITURE.

   Upon appeal from denial of relief on purchasers' bill for specific performance, question of validity of notice of forfeiture served upon one of the vendees is not considered where subsequent conduct of the parties was inconsistent with the continuance of the land contract and amounted to an abandonment of the same.

2. VENDOR AND PURCHASER—ABANDONMENT OF CONTRACT BY PURCHASER—EVIDENCE.

   Abandonment of a land contract by the purchaser is shown where he fails to make payments due, accompanied by other circumstances, or by conduct clearly showing intention to abandon the contract.

3. SAME—ABANDONMENT OF CONTRACT BY PURCHASER—WHEN QUESTION OF FACT OR QUESTION OF LAW.

   Generally question of abandonment of a land contract by purchaser is a question for the jury but his conduct may be so decisive and unambiguous as to justify court in deciding the question as a matter of law.

4. SAME—SURRENDER OF PURCHASER'S INTEREST—LEASES.

   A vendee in a land contract who, having failed to comply with its terms, and having been served with notice to vacate, leases the premises from the vendor thereby surrenders rights under the contract.

Appeal from Gladwin; Bilitzke (Edward A.), J. Submitted June 15, 1937. (Docket No. 91, Calendar No. 39,554.) Decided September 1, 1937. Rehearing denied October 13, 1937.

Bill by William R. Dundas and wife against Cora W. Foster, Jessie L. Foster, Caryl Foster Johnson, Dorothy Foster Sharrar and Harry A. Tope for spe-

cific performance of a land contract and other relief. Cross-bill by defendants Jessie L. Foster, Dorothy Foster Sharrar and Caryl Foster Johnson against plaintiffs to quiet title. Disclaimer filed by defendant Tope. Bill dismissed. Decree for cross-plaintiffs. Plaintiffs appeal. Affirmed.

*Walter C. Jones* and *Maurine L. Jones,* for plaintiffs.

*Montigel & Knorr* (*J. David Sullivan,* of counsel), for defendants and cross-plaintiffs.

Sharpe, J. Isaac Foster and Eugene Foster were owners of an 80-acre farm in Buckeye township, Gladwin county, and on December 3, 1927, sold it to plaintiffs on a land contract. The purchase price was $700 with $100 as a down payment; the balance to be paid at the rate of $100 per year with interest at six per cent. on the unpaid balance. The contract was in the usual form and contained the following, "notice to quit and deliver up possession is hereby waived." The plaintiffs took possession of the farm by virtue of the land contract in March, 1928, and have since remained in possession; they cleared some land, improved and built fences, and added to the buildings.

Eugene Foster, one of the vendors, died in 1929. His surviving heirs were Cora Foster, widow, Jessie L. Foster, sister, and Isaac F. Foster, brother. His estate was probated in Gladwin county and the real and personal property was assigned to the above-mentioned heirs. Prior to the trial in the above case, Cora Foster quitclaimed all of her interest in and to the above-mentioned property. Isaac Foster, the other vendor, died in May, 1933, and his surviving heirs are Caryl F. Johnson and Dorothy F. Sharrar. Caryl F. Johnson is executrix of the Isaac Foster

estate. No further payments were made upon the principal and on September 15, 1933, a notice of forfeiture of the contract was served upon Ivel Dundas, but no such notice was served on William Dundas, the other vendee.

In the spring of 1934, William Dundas and Jessie Foster discussed the inability of plaintiffs to comply with the terms of the contract, resulting in plaintiffs entering into a lease of the premises for one year beginning April 1, 1934, at an annual rental of $40. Similar leases were entered into for the years 1935 and 1936. In September, 1936, plaintiffs filed their bill of complaint offering to pay the balance found to be due on the contract and asking for its specific performance. The defendants Jessie L. Foster, Caryl F. Johnson and Dorothy F. Sharrar filed an answer to plaintiffs' bill of complaint and allege that plaintiffs are occupying the premises as tenants under a written lease. These defendants also filed a cross-bill asking that the land contract be cancelled and the title quieted as to cross-plaintiffs. The cause came on for trial and the court dismissed plaintiffs' bill of complaint, holding that plaintiffs surrendered their contract and all rights thereunder when they entered into three successive leases of the property.

Plaintiffs appeal and allege that the so-called forfeiture of the land contract was a nullity as no service was made upon William Dundas, one of the vendees; and that the so-called lease was not a surrender of the land contract by operation of law as, at the time of its execution, it was entered into with the understanding that plaintiffs could later continue their payments on the land contract.

The record discloses that the underlying cause of the present litigation is the possibility of oil in the premises. Both parties have entered into oil leases;

and but for plaintiffs' oil lease, plaintiffs would not be able to complete the unpaid payments on the land contract. We do not find it necessary to pass upon the validity of the notice of forfeiture served upon one of the vendees as the conduct of all parties hereto is inconsistent with the continuance of the land contract and amounts to an abandonment of the same.

"Abandonment by the purchaser is shown * * * where he positively and absolutely refuses to perform the conditions of the contract, such as a failure to make payments due, accompanied by other circumstances, * * * or where by his conduct he clearly shows an intention to abandon the contract. * * * As a general rule whether or not the purchaser's acts and conduct amount to an abandonment of the contract is a question for the jury; but such acts and conduct may be so decisive and unambiguous as to justify the court in deciding the question as a matter of law." 66 C. J. p. 731, *et seq.*

The learned circuit judge, who saw the witnesses, determined that lease agreements were entered into and that subsequently the plaintiffs occupied the premises as tenants. This act upon the part of plaintiffs was a surrender of their rights under the land contract. In *Miner* v. *Boynton* (syllabus), 129 Mich. 584, it was held:

"A vendee in a land contract, who, having failed to comply with its terms, and having been served with notice to vacate, leases the premises from the vendor, thereby surrenders his rights under the contract."

The decree of the trial court is affirmed. The defendants may recover costs.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Potter, and Chandler, JJ., concurred.