C. G. Ganopuls, Petitioner, *v.* Commissioner of Internal
Revenue, Respondent.

Docket No. 87985.    Promulgated May 26, 1939.

*Mel W. Werden*, C. P. A., for the petitioner.
*Edward C. Adams, Esq.*, for the respondent.

### OPINION.

Turner: This proceeding was brought to redetermine a deficiency in income tax for the year 1934 in the amount of $230.56. The only question presented is whether a certain loss sustained by petitioner, as assignee of the vendee in a contract to purchase real property, resulting from the vendor's declaring the contract forfeited constituted an ordinary loss or a capital loss. The facts were stipulated and as stipulated are adopted as our findings herein. Only those facts essential to the discussion of the issues will be recited.

Petitioner is an individual, residing at Detroit, Michigan.

On June 19, 1926, a contract was entered into by William T. Leighton and his wife, Mary Leighton, as vendors, and George J. Sidwell, as vendee, for the sale of certain property situated in Avon Township, Oakland County, Michigan. The contract recited a down payment of $4,000 and the vendee agreed to pay the balance of $5,800 in monthly installments of $75 each. The vendee also agreed to keep the building insured and to pay all taxes and assessments against the premises and in the event he failed to do so the vendor could pay such taxes and insurance premiums and the sums so paid would be a further lien on the land payable by the vendee to the vendor; and if proceedings were taken to enforce the contract in equity, after default by the vendee, the entire amount owing thereon should be due and payable forthwith. The contract provided that the vendee should have possession of the premises after the execution of the contract and

so long as he did not default in carrying out the terms thereof, and if he should fail to perform the contract or any part thereof, the vendor immediately after such default had the right to declare the contract void and retain whatever may have been paid thereon and be entitled to take immediate possession of the premises.

The contract further provided that no assignment or conveyance by the vendee should create any liability against the vendor until a duplicate thereof duly witnessed and acknowledged, together with the residence address of such assignee, should be delivered to the vendor and receipt thereof endorsed thereon, and further that "The covenants shall bind their heirs, assigns, and successors of the respective parties."

On March 10, 1927, the above vendee, for a valuable consideration, sold and assigned his interest in the above land contract to petitioner and the latter agreed in writing to assume and pay the balance owing on the contract in the amount of $5,425.96.

On April 23, 1929, petitioner paid to Samuel L. Wareham et al., $1,500 for the release of their claim to an interest in the contract and property in question. Their interest was alleged by them to have been attached to the property prior to the time the land contract was assigned to petitioner and the payment of the $1,500 was made pursuant to a judgment rendered against petitioner and in favor of the claimants. After receipt of such payment the claimants executed and delivered to petitioner an assignment of all their interest in the contract.

After acquiring the vendee's interest in the contract, petitioner paid the vendor the installment payments under the contract and by October 3, 1932, the principal balance had been reduced to $2,466.43. No payments were made on the contract after that date.

On February 12, 1934, petitioner being in default in his payments on the contract, the surviving vendor, Mary Leighton, mailed to him a notice of forfeiture declaring the contract forfeited and notifying him to surrender and deliver up possession of the premises.

On May 18, 1934, petitioner executed and delivered to the surviving vendor a quitclaim deed of his interest in the contract and property and on the same date the latter executed and delivered to petitioner a release from any and all liability under the contract. This release provided that the petitioner would have the privilege of removing from the premises any and all trees planted by him, provided that they were removed within 30 days.

Petitioner's total investment in the property amounted to $6,694.88 all of which was lost as a consequence of the forfeiture of the contract. Petitioner was solvent throughout the taxable year.

In his income tax return for 1934 petitioner deducted as an ordinary loss in respect of the aforesaid transactions the amount of $6,848. The respondent determined that the loss sustained was a capital loss and, applying section 117 (d) of the Revenue Act of 1934, limited the deduction to $2,000.

That petitioner's interest in and rights to the parcel of property above described was a capital asset is in our opinion beyond question. *Harold R. Smith*, 39 B. T. A. 892. Also, it is equally obvious that the loss in question resulted from his parting with or the extinguishment of that capital asset. The statute, however, applies the limitation in question to losses sustained with respect to such assets only where they result from "sales or exchanges."

We have previously held that where the vendor and vendee, under a contract for the sale of real estate, mutually agree to cancel the contract, resulting in the acquisition by the vendor of the vendee's interest in the real estate and in the release of the vendee by the vendor from further liability under the contract, such a transaction is a sale or exchange within the meaning of the statute. *Harold R. Smith, supra.* See also *Betty Rogers*, 37 B. T. A. 897; affd., 103 Fed. (2d) 790. In the instant case, however, there was no such transaction. The parties did not mutually agree to an exchange such as was present in the *Smith* case. Here the petitioner did not exchange his interest in property for a release from liability under the existing contract. To the contrary his property rights were extinguished solely by the act of the vendor in declaring the contract forfeited. Property acquired by a vendee under such a contract is subject to the right of the vendor to do exactly what the vendor did in this case, namely, to declare the contract void in case of default on the part of the vendee and to reacquire the interest previously sold and disposed of to the vendee. *Chicago Boulevard Land Co.* v. *Apartment Garages*, 245 Mich. 448; 222 N. W. 697. In that case the Supreme Court of Michigan made the following statement:

\* \* \* The purpose and effect of a valid declaration of forfeiture are to end the contract and discharge vendor of the duty to convey and vendee of duty to pay. Consequently, after forfeiture, action at law will not lie for recovery of any part of the purchase price. *Goodspeed* v. *Dean*, 12 Mich. 352; L. R. A. 1916C, 893, note. By the same token, suit in equity for foreclosure and deficiency decree cannot be maintained. "If the vendor exercises his option to declare the contract at an end, he cannot change his position and thereafter hold the purchaser liable to complete the purchase or pay any part of the unpaid purchase money. The remedy of the vendor by way of a cancellation of the contract and the continued liability of the purchaser for the purchase money are totally inconsistent, and the exercise of the former terminates any further liability of the purchaser for the purchase money." 27 R. C. L. 666.

In this case we think it is apparent that the petitioner's rights in the property in question were extinguished and terminated by the act of the vendor in declaring the forfeiture and that this termination and extinguishment of his rights have none of the characteristics of a sale or exchange. The respondent places considerable emphasis on the fact that on May 18, 1934, subsequent to the notice of forfeiture of February 12, 1934, the petitioner executed and delivered to the surviving vendor a quitclaim deed of his interest in the property and on the same date the vendor executed and delivered to the vendee a release from any and all liability under the contract. That occurrence, however, was not sufficient to change the previous forfeiture into a sale or exchange. *Chicago Boulevard Land Co.* v. *Apartment Garages, supra.* The petitioner's property rights had already been extinguished by the act of the vendor and not by agreement of the parties, as in *Harold R. Smith, supra.* We accordingly conclude that the petitioner is entitled to a deduction in respect of the loss herein in accordance with the provisions of section 23 (e) of the Revenue Act of 1934 and that the deduction is not subject to the limitations prescribed in section 117 (d), *supra.*