## TILEY *v.* CHAPMAN.

1. VENDOR AND PURCHASER—LAND CONTRACT—SPECIFIC PERFORM-
ANCE.

> Land contract for purchase of improved property at $7,500 on
> which $50 was paid at time of execution and approximately
> $2,650 down to a mortgage was to be paid upon execution of
> deed and balance as per terms of mortgage was sufficiently
> clear and understandable to permit decree of specific perform-
> ance.

2. SAME—ABANDONMENT BY PURCHASER—EVIDENCE.

> Abandonment of a land contract by a purchaser is shown where
> he positively and absolutely refuses to perform the conditions
> of the contract, such as a failure to make payments due, ac-
> companied by other circumstances showing an intention to
> abandon the contract.

3. SAME—ABANDONMENT BY PURCHASER—QUESTION OF FACT—QUES-
TION OF LAW.

> Whether or not a land contract purchaser's acts and conduct
> amount to an abandonment of the contract is a question for
> the trier of the facts but such acts and conduct may be so
> decisive and unambiguous as to justify the court in deciding
> the question as a matter of law.

4. SPECIFIC PERFORMANCE—MATTER OF GRACE.

> While specific performance is a matter of grace, a court is not
> justified in withholding a decree from one clearly entitled
> thereto, merely because of the exigencies of the case.

5. VENDOR AND PURCHASER—ABANDONMENT BY PURCHASER.

> Purchasers under land contract *held*, not to have abandoned the
> contract under the evidence presented.

Appeal from Wayne; Richter (Theodore J.), J.
Submitted January 8, 1948. (Docket No. 27, Calen-
dar No. 43,900.) Decided February 16, 1948.

Bill by James A. Tiley and wife against R. F. Chapman and wife to compel specific performance of written contract for sale of lands. Decree for plaintiffs. Defendants appeal. Affirmed.

*Davidson & Theut,* for plaintiffs.

*Max J. Kay* (*Samuel W. Barr,* of counsel), for defendants.

Bushnell, C. J. Defendants R. F. Chapman and Mildred Chapman, his wife, have appealed from a decree requiring them to specifically perform a written agreement for the sale of improved property in the village of Allen Park, Wayne county, Michigan, to plaintiffs James A. Tiley and Kathleen Tiley, his wife.

The written contract between the parties provided for a total purchase price of $7,500, on which $50 was paid. The agreement recites that the balance of the purchase money is to be paid as follows:

"Approximately $2,650 down to F.H.A. mortgage presently on property, upon execution of good and sufficient deed, the balance to be paid as per terms of existing F.H.A. mortgage with Manufacturer's National Bank of Detroit."

The matter of possession of the premises was also agreed upon in that, "possession to be given by July 1, 1946, or as soon as public schools close."

Defendants claim this contract has been abandoned, and if not, that it was not sufficiently complete with respect to the payment of the balance of the purchase price so that specific performance can be granted.

The terms are clear and understandable. The defense of abandonment is based upon defendants' claim that about four weeks after the date of the agreement Mrs. Chapman discovered that she was

pregnant, and asked the Tileys if they would look for another house, because she would not be able to move.

Plaintiffs deny that they promised to comply with her request, but even taking Mrs. Chapman's testimony in its most favorable light, such conversation does not constitute an abandonment. Defendants argue that plaintiffs did nothing more about the matter until June 14th, when they brought over a check and demanded possession.

It cannot be said that plaintiffs were required to do more than comply with the terms of their written agreement.

We have carefully examined the testimony and agree with the conclusion reached by the trial judge that there is no proof of abandonment.

As stated in *Dundas* v. *Foster,* 281 Mich. 117, 120:

" 'Abandonment by the purchaser is shown * * * where he positively and absolutely refuses to perform the conditions of the contract, such as a failure to make payments due, accompanied by other circumstances, * * * or where by his conduct he clearly shows an intention to abandon the contract. * * * As a general rule whether or not the purchaser's acts and conduct amount to an abandonment of the contract is a question for the jury; but such acts and conduct may be so decisive and unambiguous as to justify the court in deciding the question as a matter of law.' " 66 C. J. p. 731 *et seq.*

See, also, *Buys* v. *Travis,* 243 Mich. 470.

Although specific performance is a matter of grace, the court is not justified in withholding a decree from the one clearly entitled thereto, merely because of the exigencies of the 'case.

The decree is affirmed, with costs to appellees.

SHARPE, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.