ROBERT W. BALES *et al.*, Plaintiffs-Appellants, v. LUCILLE CHRIS-TIANSEN NELSON *et al.*, Defendants-Appellees.

Third District    No. 3—86—0025

Opinion filed October 14, 1986.

Richard R. Hornbaker, of Trimble, Angel, Hornbaker & Isaacson, of Princeton, for appellants.

Donald R. Rayfield, of Pierson, Maloney & Rayfield, of Princeton, for appellee Lucille Christiansen Nelson.

8

Richard C. Fiocchi, of Spring Valley, for other appellees.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiffs, Robert and Nancee Bales, contract purchasers for certain premises located in Tiskilwa, filed a complaint in forcible entry and detainer against defendant, Lucille Nelson, contract seller of the premises, and defendants, Joseph and Delores Heitmann, subsequent purchasers of the premises. The trial court, in granting defendants' motion for summary judgment, held that the plaintiffs' right to possession under the purchase contract was terminated according to the terms of the contract and that, since the plaintiffs' right to possession was terminated, defendants' possession of the premises was not illegal as to the plaintiffs.

On July 16, 1979, the parties entered into an installment contract for the purchase and sale of certain residential real estate. Plaintiffs took possession of the premises at that time. Under the terms of the contract, plaintiffs were required to make monthly payments for a period of 36 months, at which time the remaining balance was to be paid. The total purchase price was $9,500. On June 25, 1982, the same parties entered into a new contract which provided that the balance due at the end of the initial 36-month period would be payable in monthly installments until paid in full.

On August 9, 1983, Nelson caused a notice of intention to declare forfeiture to be served on plaintiffs based upon their failure to make certain of the monthly payments. Plaintiffs requested an extension of time to pay the arrearage, which was agreed to by Nelson. Plaintiffs, however, failed to cure the default within the period agreed to by the parties. On April 27, 1985, Nelson once again caused a notice of intention to declare forfeiture to be served upon plaintiffs. No additional payments were made by the plaintiffs after April 27, 1985, and, thereafter, plaintiffs cancelled the insurance on the premises in May 1985 and failed to pay property taxes in May and September 1985.

In June 1985, a neighbor living adjacent to the premises notified Nelson that plaintiffs were moving their belongings from the house onto a truck. Subsequently, Nelson went to the premises and observed through windows that plaintiffs' household furniture and furnishings had been removed. Thereafter, at the end of June 1985, Nelson changed the locks in the house and took exclusive possession of the premises until August 6, 1985, when the premises were sold to the Heitmanns, who have had sole and exclusive possession ever since. On September 18, 1985, Nelson caused a notice of forfeiture to be served on the plaintiffs for their failure to remedy the default alleged in the

April 27, 1985, notice of intention to declare forfeiture. Thereafter, on September 25, 1985, the plaintiffs filed the instant complaint in forcible entry and detainer. Following the trial court's decision granting summary judgment for defendants, this appeal follows.

On appeal, plaintiffs contend the trial court erred in granting defendants' motion for summary judgment because plaintiffs' right to possession of the premises had never been terminated through a forcible-entry-and-detainer suit and they never abandoned the premises. Plaintiffs argue that section 9—110 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 9—110), affords them protection and that they should be put back in possession of the premises unless shown to have abandoned the premises.

In pertinent part, section 9—110 provides:

"If it appears *** the plaintiff is entitled to the possession of the whole of the premises claimed, judgment for the possession thereof and for costs shall be entered in favor of the plaintiff. However, if the action is based upon a breach of a contract entered into on or after July 1, 1962 for the purchase of such premises, the court, by order, may stay the enforcement of the judgment for a period not to exceed 60 days from the date of the judgment, or if the court finds that the amount unpaid on the contract is less than 75% of the original purchase price, then the court shall stay the enforcement of the judgment for a period of 180 days from the date of the judgment. ***. If during such period of stay the defendant pays the entire amount then due and payable under the terms of the contract other than such portion of the principal due under the contract as would not be due had no default occurred and costs and, if the contract provides therefor, reasonable attorney's fees as fixed by the court, and cures all other defaults then existing, the contract shall remain in force the same as if no default had occurred. * * * Ill. Rev. Stat. 1983, ch. 110, par. 9—110.

■ The purpose of the forcible-entry-and-detainer statute is to adjudicate the right to possession and to prevent breaches of the peace by compelling aggrieved persons to assert their rights by peaceable means through the courts. *Perry v. Evanston Young Men's Christian Association* (1981), 92 Ill. App. 3d 820, 416 N.E.2d 340.

■ It is clear that a vendor, prior to bringing a forcible-entry-and-detainer action against a defaulting purchaser, must give 30 days' notice and also make a subsequent statutory demand for immediate possession. (See *Given v. Lofton* (1935), 359 Ill. 228, 194 N.E. 512.) In the instant case, Nelson gave plaintiffs a 30-day notice on April 27,

1985. Subsequently, Nelson took peaceable possession of the premises, therefore vitiating the necessity of making a statutory demand for possession and the filing of a forcible-entry-and-detainer action.

It is our opinion that a vendor is normally not entitled to possession until after the forfeiture has been properly declared. The facts herein disclose that Nelson took possession at some time subsequent to the giving of the warning notice but prior to the notice of forfeiture. However, plaintiffs did not file the instant forcible-entry-and-detainer action until after receipt of the notice of forfeiture. Under the terms of the contract, at the time plaintiffs filed the instant action they had no right of possession and were not, in fact, in possession of the premises.

Plaintiffs maintain, however, that they never actually abandoned possession of the premises and, therefore, their possessory rights were never legally terminated. Plaintiffs' choice of the term "abandoned" in this regard may be better replaced with the term "vacated," for it is our opinion that the plaintiffs abandoned the contract for the purchase of the premises and, as such, their right of possession was terminated as a matter of law.

The abandonment of a contract may be deduced from the circumstances or from conduct which clearly evidences an abandonment thereof, and the acts relied upon must be positive, unequivocal and inconsistent with the existence of the contract to constitute abandonment. (*Bocchetta v. McCourt* (1983), 115 Ill. App. 3d 297, 450 N.E.2d 907.) As a general rule, the determination of whether or not a purchaser's acts and conduct amount to abandonment of the contract is a question for the trier of fact; however, such acts and conduct may be so decisive and unambiguous as to justify the trial court in deciding the question as a matter of law. (See, *e.g., Tiley v. Chapman* (1948), 320 Mich. 173, 30 N.W.2d 824; *Dundas v. Foster* (1937), 281 Mich. 117, 274 N.W. 731.)

In the instant case, the plaintiffs were in arrears of their installment payments when Nelson gave them a warning notice in April 1985. In May 1985, plaintiffs cancelled the insurance on the premises. Also in May 1985, plaintiffs failed to pay the first installment of the property taxes levied against the premises and, further, failed to pay the second installment when due the following September. In June 1985, a neighbor living adjacent to the premises notified Nelson that the plaintiffs were moving their belongings from the premises onto a truck. Inspection of the premises by Nelson disclosed that plaintiffs had removed everything except an old coat and a box of old clothing. Additionally, wall-to-wall carpeting, an air conditioner, and a chest of

drawers, all of which were in the house when purchased by the plaintiffs, had been removed. We believe plaintiffs' conduct clearly evidences an abandonment of the contract. The trial court properly concluded that Nelson took the steps necessary to terminate plaintiffs' right to possession.

For the foregoing reasons, the judgment of the circuit court of Bureau County is affirmed.

Affirmed.

HEIPLE and WOMBACHER, JJ., concur.