THE PEOPLE *ex rel.* N B D TRUST COMPANY OF ILLINOIS, Trustee, *et al.*, Plaintiffs-Appellees, v. THE VILLAGE OF HOFFMAN ESTATES, Defendant-Appellant.

First District (5th Division)   No. 1—91—0452

Opinion filed August 28, 1992.

Richard N. Williams, of Hoffman Estates, for appellant.

Schiff, Hardin & Waite, of Chicago (Donald J. Kreger and Ruth E. Krugly, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs, N B D Trust Company of Illinois, Melvin Isenstein, Jules Laser, Anthony Pasquinelli, and Bruno Pasquinelli, filed a *quo warranto* complaint against defendant, the Village of Hoffman Estates (Village), alleging that the Village unlawfully annexed its property. The property was purportedly annexed under the authority of an annexation agreement between the Village and the previous owner of the property. The Village appeals from an order granting plaintiffs summary judgment and entering a judgment of ouster against the Village. We consider whether the trial judge, in ruling on a motion for summary judgment, properly determined as a matter of law that the Village abandoned the annexation agreement. For the following reasons, we reverse and remand.

On November 3, 1980, the Village entered into an annexation agreement with the previous owner of the property pursuant to its home rule powers and sections 11—15.1—1 through 11—15.1—5 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, pars. 11—15.1—1 through 11—15.1—5). The agreement required the owner, and any purchasers from the owner, to file a petition for annexation not later than 90 days after the property became contiguous to the Village and provided that the petition was subject to "contemporaneous" zoning and classification under applicable Village ordinances. If the property was not so zoned and classified, the agreement and the petition for annexation would be void. The Village agreed to annex the property. "[A]t such time" as the property became contiguous with the Village, it would classify, zone, and district the property so it could be developed as planned. The term of the annexation agreement was 20 years and it was binding on successor owners of the property. An ordinance was passed authorizing the Village to execute the annexation agreement.

On March 22, 1984, the previous owner filed a petition for annexation. The property became contiguous with the Village shortly thereafter, on May 7, 1984. On that day, an ordinance annexing the property was presented to the Village president and its board of trustees. The ordinance was tabled.

On March 13, 1989, plaintiffs purchased the property from the previous owner.

On April 16, 1990, almost six years after the ordinance was initially presented, it was again presented to the Village president and the board. The ordinance was passed.

Plaintiffs filed a *quo warranto* complaint alleging that the Village did not lawfully annex the property. Plaintiffs alleged, among other things, that the annexation ordinance was void because plaintiffs, as the current owners of the property, did not file a petition for annexation with the Village. They requested a judgment of ouster.

The Village filed an answer denying the material allegations of plaintiffs' complaint. As its affirmative defenses, the Village alleged that it acted under the authority of the annexation agreement and that plaintiffs should be compelled to file a petition to annex the property as required under the agreement.

Plaintiffs moved for summary judgment and argued, among other things, that the Village abandoned the annexation proceeding. The trial judge agreed. He found that because the Village waited almost six years from the time the property became contiguous before it annexed the property, the Village abandoned the annexation proceeding. He also found that because the Village abandoned the agreement, it was no longer enforceable and plaintiffs could not be compelled to file a petition for annexation. The judge granted plaintiffs summary judgment and the Village now appeals.

Opinion

The Village argues that the trial judge erred when he found that it abandoned the annexation because it had an annexation agreement with the previous owner of the property which was binding on plaintiffs. The Village also argues that the issue of abandonment was a question of fact which should not have been decided on summary judgment.

Summary judgment should be granted when the pleadings, depositions, admissions on file, and supporting affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) In considering a motion for summary judgment, the trial judge should not decide an issue of fact but determine whether one exists. (*Gatlin v. Ruder* (1990), 137 Ill. 2d 284, 560 N.E.2d 586.) Summary judgment is a drastic remedy and should only be granted when the movant's right to such relief is clear and free from doubt. *Gatlin*, 137 Ill. 2d 284, 560 N.E.2d 586.

■ A municipality may enter into an annexation agreement with the owners of land located in unincorporated territory. (Ill. Rev. Stat. 1989, ch. 24, par. 11—15.1—1.) Annexation agreements are binding on successor property owners and successor municipal authorities and any party to the agreement may enforce and compel performance by civil action, *mandamus*, injunction, or other proceeding. Ill. Rev. Stat. 1989, ch. 24, par. 11—15.1—4.

In this case, the trial judge found that the Village abandoned the annexation because it waited six years from the time the property became contiguous before it annexed the property. The judge relied on two cases where the courts found that the municipalities abandoned annexation proceedings when they failed to act on them within a certain time period. (See *People ex rel. Village of Worth v. Ihde* (1961), 23 Ill. 2d 63, 177 N.E.2d 313; *In re Petition of Village of Long Grove to Annex Certain Territory* (1987), 156 Ill. App. 3d 1056, 509 N.E.2d 1041.) Both cases were based on the principle that an annexation proceeding instituted by a municipality has priority over those subsequently initiated by other municipalities involving the same property. See *Long Grove*, 156 Ill. App. 3d 1056, 509 N.E.2d 1041.

In *Worth*, property owners filed a petition to annex their land to Chicago Ridge. An ordinance was presented to the board of trustees of Chicago Ridge to annex the property, but it was tabled and not passed until nine months later. In that time, the property was included in the incorporation of Palos Hills. After a hearing, the trial judge found that Palos Hills properly incorporated the property. On appeal, the supreme court found that although the petition to annex was pending with Chicago Ridge prior to Palos Hills' petition to incorporate, Chicago Ridge lost its jurisdiction because it failed to promptly annex the property. Noting that there was no showing that the delay was necessary, the court found that due to its inaction, Chicago Ridge abandoned the jurisdiction it had acquired by the petition to annex. "To decide otherwise would be to allow a municipality, by sheer inaction, to indefinitely frustrate the incorporation plans of a community." *Worth*, 23 Ill. 2d at 68, 177 N.E.2d at 316.

In *Long Grove*, property owners filed a petition to annex their property to Buffalo Grove. Six months later, Long Grove passed an ordinance seeking to annex the property and filed it with the circuit court. For the next six years, Long Grove continued the court hearing on the ordinance. Then Buffalo Grove adopted an ordinance to annex the property and set a court hearing. Long Grove objected to Buffalo Grove's attempted annexation. After a hearing, the trial judge found that Long Grove's unreasonable and unnecessary delay of six years

resulted in an abandonment of its annexation proceeding. The appellate court agreed. Long Grove attempted to distinguish *Worth*, which involved a legislative annexation from its case which involved a judicial annexation. However, the court found that all annexations are subject to statute and "[t]here is nothing in the statute to indicate that any particular type of annexation should be exempt from the [*Worth*] rule regarding abandonment." (*Long Grove*, 156 Ill. App. 3d at 1060, 509 N.E.2d at 1044.) As a result, Long Grove lost any priority it had over annexing the property and the court lost jurisdiction over the ordinance.

The present case is different from *Worth* and *Long Grove* because it does not involve municipalities competing to annex the same property and, as a result, there is no issue of loss of priority or jurisdiction. Also, the present case involves an annexation agreement between the Village and the previous owner of the property. As a result, any abandonment involved in this case would be abandonment of the annexation agreement rather than abandonment of priority over competing annexation proceedings.

■■ Although the Village asserts that it could not have abandoned the proceedings because it had an annexation agreement, an annexation agreement is a contract which can be abandoned under certain circumstances. A party may be found to have abandoned a contract when the circumstances or his conduct clearly evidences an abandonment and the acts relied upon must be positive, unequivocal, and inconsistent with the existence of the contract. (*Bales v. Nelson* (1986), 148 Ill. App. 3d 7, 499 N.E.2d 144.) Generally, the determination of whether or not a party's acts and conduct amount to abandonment of the contract is a question for the trier of fact; however, such acts and conduct may be so decisive and unambiguous as to justify the trial judge in deciding the question as a matter of law. *Bales*, 148 Ill. App. 3d 7, 499 N.E.2d 144.

Neither *Worth* nor *Long Grove*, which the trial judge relied on, decided the abandonment issue on a motion for summary judgment. However, in *People ex rel. Village of Buffalo Grove v. Village of Long Grove* (1990), 199 Ill. App. 3d 395, 557 N.E.2d 643, the appellate court affirmed summary judgment for Buffalo Grove, finding that it did not abandon its annexation proceedings. The court did not consider whether it was proper to decide the abandonment issue on a motion for summary judgment.

■■ Based on the determination that abandonment is a question of fact, summary judgment in plaintiffs' favor could only be affirmed on that issue if the Village's acts and conduct were so decisive and un-

ambiguous that the issue could be decided as a matter of law. The record shows that the Village initially tabled the ordinance to annex the property in 1984 and did not consider it again until six years later. At that time, the ordinance was passed. During this entire time, the annexation agreement was in effect. The record does not disclose any reason for the Village's delay in annexing the property. Further, other than the passage of time, there was no evidence of the Village's acts or conduct showing that it no longer intended to annex the property as required under the agreement. The six-year delay alone, although significant, did not clearly evidence the Village's intent to abandon the annexation agreement and there were no acts or conduct on the part of the Village which were positive, unequivocal, and inconsistent with the agreement. As a result, the evidence presented on the fact question of abandonment was not so decisive and unambiguous as to justify the trial judge to decide the issue as a matter of law. Summary judgment in plaintiffs' favor must be reversed.

Plaintiffs argued that summary judgment in their favor should be affirmed because they did not sign the petition for annexation. They rely on *In re Annexation to the City of Prospect Heights* (1982), 111 Ill. App. 3d 541, 444 N.E.2d 758, which stated that an annexation petition and ordinance are void for want of jurisdiction if the petition was not signed by all of the owners of record, and *People ex rel. Cherry Valley Fire Protection District v. City of Rockford* (1970), 120 Ill. App. 2d 275, 256 N.E.2d 653, which held that the sufficiency of the petition is determined as of the time that the ordinance is passed. Neither of those cases involved annexation agreements, which are binding on successor owners, nor did they consider whether successor owners can be compelled to file a petition for annexation. Plaintiffs have not presented this court with authority that, under the circumstances of this case, the petition to annex is void.

Plaintiffs also argue that summary judgment should be affirmed because the agreement expired automatically when the Village did not comply with the timing requirements of the annexation agreement. The agreement provided that the petition for annexation was subject to contemporaneous zoning and classification and if this term was not met, the agreement was void. Plaintiffs rely on *Elm Lawn Cemetery Co. v. City of Northlake* (1968), 94 Ill. App. 2d 387, 237 N.E.2d 345, where defendant agreed in its answer that the developer did not comply with the time requirements of the annexation agreement and that under the terms of the agreement, it was void. Summary judgment was entered in plaintiff's favor. In the present case, however, the Vil-

lage has contested plaintiffs' claim that it did not comply with the agreement. As a result, this is a disputed issue of material fact.

Reversed and remanded.

McNULTY, P.J., and GORDON, J., concur.