GRUSKIN v FISHER

Docket No. 58719. Argued November 1, 1977 (Calendar No. 7).—
Decided January 10, 1979. Rehearing denied 406 Mich 1117.

Myron Gruskin and others brought a complaint for foreclosure of
a land contract and a deficiency judgment against Irene R.
Fisher and Gordon L. Fisher, coexecutors of the estate of
Marshall Fisher, deceased, and Charles F. Burger. The buyers
had been in default on their payments for almost a year when
the plaintiffs sent them a notice of intention to forfeit the land
contract, and, after the defendants failed to cure their default,
a notice of forfeiture. The defendants executed and delivered a
quitclaim deed to the plaintiffs, but the plaintiffs returned the
deed because it had not been delivered within the 15 days
specified in the notice of forfeiture and because the defendants
had failed to correct building and health code violations as
agreed in the land contract. The plaintiffs did not initiate
summary proceedings for possession in district court to com-
plete the forfeiture but brought this action in circuit court to
foreclose the land contract. The Wayne Circuit Court, Michael
L. Stacey, J., granted summary judgments for the plaintiffs.
The defendants argue that the plaintiffs had elected the rem-
edy of forfeiture and were precluded from seeking foreclosure
and a deficiency judgment. The defendants also argue that they
successfully delivered possession and title by means of the
quitclaim deed. The Court of Appeals, J. H. Gillis, P.J., and
Allen and M. J. Kelly, JJ., reversed the judgment of the circuit

REFERENCES FOR POINTS IN HEADNOTES

[1, 8] 25 Am Jur 2d, Election of Remedies § 21.
  36 Am Jur 2d, Forfeitures and Penalties § 36.
  77 Am Jur 2d, Vendor and Purchaser §§ 597, 598.
[2, 5] 73 Am Jur 2d, Statutes §§ 184, 185, 287-289.
[3] 36 Am Jur 2d, Forfeitures and Penalties §§ 8, 36.
[4] 36 Am Jur 2d, Forfeitures and Penalties § 36.
  77 Am Jur 2d, Vendor and Purchaser §§ 597, 598.
[5] 73 Am Jur 2d, Statutes § 17.
[6, 11] 77 Am Jur 2d, Vendor and Purchaser § 478.
[7, 9, 12] 77 Am Jur 2d, Vendor and Purchaser §§ 404, 592.
[10] 77 Am Jur 2d, Vendor and Purchaser § 404.

court on the ground that the defendants had successfully surrendered title and possession of the property (Docket No. 22910). Plaintiffs appeal. *Held:*

While the land contract seller may not accept or take possession and still seek money damages, he may, even after sending notice of forfeiture, refuse tender of possession and commence an action either for money damages or for foreclosure of the land contract.

1. Strict adherence to the common-law rule that forfeiture of a land contract is an election of remedies ignores the many changes in the practice since the common-law rule developed and often causes an unjust result. Sellers no longer are at liberty immediately after forfeiture of a land contract to seize possession of premises and put purchasers out on the street. Forfeiture can be effected only upon observance of procedures which provide land contract purchasers with protections similar to, in many cases equal to or better than, those provided for mortgagors.

2. Mortgagees may obtain a deficiency judgment, whether the foreclosure is by action or advertisement. While the statute precludes a land contract seller from seeking a deficiency judgment *if* he obtains a writ of restitution and, by implication, if he otherwise obtains possession of the premises, it does not in terms require that result where he has merely announced a forfeiture of a land contract. Forfeiture of the contract is a prerequisite to commencement of summary proceedings for possession of the premises. Thus, a seller wishing to avail himself of the remedy of summary proceedings must first send notice of forfeiture. It does not follow that the consequence of sending notice of forfeiture should be an irrevocable election precluding an action for damages for nonperformance or an action to foreclose with a view to obtaining a deficiency judgment. Other remedies of the seller are, by comparison with summary proceedings, cumbersome, lengthy and therefore frequently ineffectual.

3. In the context that summary proceedings are the customary form of action against a defaulting purchaser, forfeiture should not, despite the formal language of notices of intent to forfeit and of forfeiture, be viewed as anything other than a condition precedent to the commencement of summary proceedings. The function of the notices is primarily to inform the purchaser that unless he cures the delinquency he faces court action. Sending a notice of forfeiture is, except in the extraordinary case, but an early step in a seller's often long-drawn-out

efforts to obtain compliance by a delinquent purchaser with his obligations under the contract.

4. Most land contract sellers do not seek a return of the property, but payment. Since the seller's legitimate interests are generally protected by summary proceedings, he should not be constrained to commence foreclosure proceedings unless it appears that the purchaser does not wish to preserve his equity and is willing to surrender it. There is no reason to put the seller to an election when he does not yet know whether the purchaser intends to protect his equity. Under the circumstances which prevail, sellers understandably commence summary proceedings with a view to obtaining a resumption of the installment payments. By comparison with an action for foreclosure or for money damages, such proceedings move expeditiously and generally accomplish their purpose of persuading the purchaser to cure the delinquency.

5. At common law sending notice of forfeiture did forfeit the contract, and the seller thereupon became entitled to possession of the premises. Purchasers were summarily put out without opportunity to cure the default. Today the significance of sending a notice of forfeiture is altogether different. Except for the rare case where the purchaser wishes to take advantage of the common-law rule to avoid performance of his obligations, it functions, as does the notice of intention to forfeit, as a warning that the seller is about to do something unless the deficiency is cured. The purchaser is protected. The seller cannot evict merely because he sent notice of forfeiture. Today inconsistency in pleadings is permitted, inconsistent remedies may be sought, and alternative relief granted. The concept of election of remedies has undergone considerable change in recent years. This development in jurisprudence, eliminating artificial rules regarding consistency of remedies, gives secured creditors generally alternative remedies.

6. It is manifest that the sellers in this case did not intend to waive the personal liability of the purchasers. After a year without payment, they took preliminary steps in an effort to obtain payment of the defaulted installments. The purchasers' response was to offer to return the property to the sellers. If the sellers had accepted that offer, they would, indeed, under the statute have elected a remedy and could not have sought a deficiency judgment. The policy of protecting purchasers who are in difficulty does not require that a seller's pre-suit notice be transformed into an irrevocable election. Neither consistency nor fairness and the protection of purchasers' rights requires retention of the common-law rule. The Court does not,

however, direct enforcement of the summary judgment granted the sellers in this case. The facts and circumstances should be further developed, especially since the Court is announcing a change in the common-law rule.

The decision of the Court of Appeals is reversed, the summary judgment vacated, and the case remanded to the circuit court for further proceedings.

Justice MOODY, joined by Justice WILLIAMS, dissented for these reasons.

1. The common-law rule that a vendor's forfeiture of a defaulted land contract constitutes an election of remedies which precludes subsequently seeking a foreclosure and deficiency judgment based upon the contract is long established and well settled. The rationale supporting this rule is the legal inconsistency of extinguishing the contract through forfeiture and then attempting to resurrect and enforce that contract through foreclosure.

2. The summary proceedings statute, in the first sentence of the provision concerning remedies, merely states that the remedy provided by the statute to recover possession through summary proceedings does not eliminate any other remedy available to the land contract vendor, such as action for breach of contract, rescission, specific performance, and foreclosure. The land contract vendor may select from among the traditional remedies for default of the land contract. The summary proceeding exists as a separate remedy for obtaining possession of real property.

3. The second sentence of the provision states the consequences of selecting forfeiture and summary proceeding as the method for obtaining possession. After forfeiture of an executory land contract, a judgment for possession or the issuance of a writ of restitution merges and bars any claim for money payments due or in arrears under the contract of the time of trial. However, a judgment for possession or the issuance of a writ of restitution after a judgment for possession does not bar any other claim for relief permitted under the summary proceedings statute. Therefore, in an action for summary possession a land contract vendor may join a claim for incidental money damages but is precluded from claiming any amount due under the contract.

4. The summary proceedings statute does not evince a clear and plainly expressed legislative intention to abrogate the common-law rule of election of remedies. Once he has elected the remedy of forfeiture and made a claim for possession

through notice of forfeiture, a land contract vendor is barred from pursuing any other inconsistent remedy which would resurrect the contract and seek damages under it.

70 Mich App 117; 245 NW2d 427 (1976) reversed.

OPINION OF THE COURT

1. VENDOR AND PURCHASER — LAND CONTRACTS — FORFEITURE — ELECTION OF REMEDIES.

A land contract vendor who sends notices of intent to forfeit and of forfeiture has not made an irrevocable election requiring him to accept or take possession of the real property when tendered by the purchaser in lieu of money damages; he may, even after sending notice of forfeiture, refuse tender of possession of the real property and either commence an action for money damages or for foreclosure of the land contract.

2. COMMON LAW — COURTS — STATUTES.

The Supreme Court may decide whether a common-law rule shall be retained unless the Legislature states a rule that is inconsistent with or precludes a change in the common-law rule.

3. VENDOR AND PURCHASER — LAND CONTRACTS — FORFEITURE — NOTICE — STATUTES.

Sending a notice of forfeiture to a land contract purchaser does not, under the law today, effect a forfeiture; the purchaser is protected by statute from the effect of the notice of forfeiture (MCL 600.5728; MSA 27A.5728).

4. VENDOR AND PURCHASER — LAND CONTRACTS — FORFEITURE — NOTICE.

The notice of forfeiture of a land contract functions, as does the notice of intention to forfeit, as a warning that the seller is about to do something unless the deficiency is cured; a purchaser who receives a notice of intention to forfeit or a notice of forfeiture is simply advised that the seller is impatient and is about to take action because of the delinquency.

5. VENDOR AND PURCHASER — LAND CONTRACTS — FORFEITURE — ELECTION OF REMEDIES — COMMON LAW — STATUTES.

The summary proceedings statute does not evince a clear and plainly expressed legislative intention to abrogate the common-law rule of election of remedies by a land contract vendor, nor does it evince a clear and plain purpose to preclude a change in the common-law rule; the Supreme Court is at liberty to change the common-law rule because doing so would not be inconsistent with any provision of the summary proceedings

statute and would be entirely consistent with it (MCL 600.5750; MSA 27A.5750).

6. VENDOR AND PURCHASER — LAND CONTRACTS — FORFEITURE — ELECTION OF REMEDIES.

The statute governing summary proceedings for recovery of land after forfeiture of a land contract provides that even a judgment for possession does not merge or bar any other claim for relief except for money payments due or in arrears at the time of trial; until a writ of restitution issues, the seller may seek to recover additional amounts from the purchaser (MCL 600.5750; MSA 27A.5750).

7. VENDOR AND PURCHASER — LAND CONTRACTS — FORFEITURE — ELECTION OF REMEDIES.

A land contract seller may not take possession of the real property and attempt to sell it and, if unable to do so, seek then to foreclose; the seller is required to make a choice.

8. VENDOR AND PURCHASER — LAND CONTRACTS — FORFEITURE — SUMMARY PROCEEDINGS — ELECTION OF REMEDIES.

The policy of protecting land contract purchasers who are in financial difficulty does not require that a seller's pre-suit notices of forfeiture and of intention to forfeit be transformed into an irrevocable election of remedies; neither consistency nor fairness and the protection of purchasers' rights requires retention of the common-law rule that sending notice of forfeiture constitutes an election of remedies.

DISSENTING OPINION BY BLAIR MOODY, JR., J.

9. VENDOR AND PURCHASER — LAND CONTRACT — FORFEITURE — SUMMARY PROCEEDING — ELECTION OF REMEDIES.

*A vendor's forfeiture of a defaulted land contract constitutes an election of remedies under the common law which precludes subsequently seeking a foreclosure and deficiency judgment based upon the land contract; the rationale supporting this rule is the inconsistency of extinguishing the land contract through forfeiture and then attempting to resurrect and enforce the land contract through foreclosure.*

10. VENDOR AND PURCHASER — LAND CONTRACT — FORFEITURE — SUMMARY PROCEEDING — ELECTION OF REMEDIES.

*The summary proceedings statute reaffirms well-established law that a land contract vendor may select from among the traditional remedies for default of a land contract; the remedy to*

*recover possession of real property under the statute does not
eliminate any other remedy, such as action for breach of
contract, rescission, specific performance, or foreclosure, but
exists as a separate remedy (MCL 600.5750; MSA 27A.5750).*

11. VENDOR AND PURCHASER — LAND CONTRACT — FORFEITURE —
    SUMMARY PROCEEDING — ELECTION OF REMEDIES.

    *A judgment for possession of real property, or the issuance of a
writ of restitution under the summary proceedings statute after
forfeiture of an executory land contract merges and bars any
claim for money payments due or in arrears under the land
contract at the time of trial; however, the land contract vendor
may join a claim of incidental money damages or other relief
permitted under the summary proceedings statute (MCL
600.5739, 600.5750; MSA 27A.5739, 27A.5750).*

12. VENDOR AND PURCHASER — LAND CONTRACT — FORFEITURE —
    SUMMARY PROCEEDING — ELECTION OF REMEDIES.

    *The summary proceedings statute does not evince a clear and
plainly expressed legislative intention to abrogate the common-
law rule of election of remedies by a land contract vendor; once
he has elected the statutory remedy of forfeiture and made a
claim for possession through notice of forfeiture, a land con-
tract vendor is barred from pursuing any other inconsistent
remedy which would resurrect the land contract and seek
damages under it (MCL 600.5750; MSA 27A.5750).*

*Robert H. Golden, P.C.,* for plaintiffs.

*Lieberman & Tukel, P.C.,* for defendants.

LEVIN, J. The question is whether a land con-
tract seller who sends notices of intent to forfeit
and of forfeiture has made an irrevocable election
requiring him to accept possession of the property
when tendered by the purchaser in lieu of money
damages for breach of the contract.

We hold that while the seller may not accept or
take possession and still seek money damages, he
may, even after sending notice of forfeiture, refuse
tender of possession and either commence an ac-

tion for money damages or for foreclosure of the
land contract.

One can agree with our colleagues that § 5750[1]
does not evince a "clear and plainly expressed
legislative intention to abrogate the common-law
rule" without agreeing with their conclusion that
sending notice of forfeiture is an election of rem-
edy barring enforcement of the contract. Even if
the Legislature did not intend to abrogate the
common-law rule, neither did it evince a clear and
plain purpose to retain it. It at least left the
question of the effect of sending a notice for this
Court to resolve, as it does so many other ques-
tions.

In all events, it is for this Court to decide
whether a common-law rule shall be retained un-
less the Legislature states a rule that is inconsist-
ent with or precludes a change in the common-law
rule. Moreover, practice and procedure in the
courts is constitutionally confided to this Court.

Strict adherence to the common-law rule that
forfeiture of a land contract is an election of
remedies ignores the many changes in the practice
since the common-law rule developed and often
causes an unjust result.

Sellers no longer are at liberty immediately
after forfeiture of a land contract to seize posses-
sion of premises and put purchasers out on the
street. Forfeiture can be effected only upon observ-
ance of procedures which provide land contract
purchasers with protections similar to, in many
cases equal to or better than, those provided mort-
gagors.

Mortgagees may obtain a deficiency judgment,
whether the foreclosure is by action or advertise-
ment. While the statute precludes a land contract

---

[1] MCL 600.5750; MSA 27A.5750.

seller from seeking a deficiency judgment *if* he obtains a writ of restitution and (by implication) if he otherwise obtains possession of the premises, it does not in terms require that result where he has merely announced a forfeiture of a land contract.

Forfeiture of the contract is a prerequisite to commencement of summary proceedings for possession of the premises.[2] Thus, a seller wishing to avail himself of the remedy of summary proceedings must first send notice of forfeiture. It does not follow that the consequence of sending notice of forfeiture should be an irrevocable election precluding an action for damages for nonperformance or an action to foreclose with a view to obtaining a deficiency judgment.

While the seller has other options—he can commence an action for money damages or to foreclose —such actions are, by comparison with summary proceedings, cumbersome, lengthy and therefore frequently ineffectual.

In the context that summary proceedings are the customary form of action against a defaulting purchaser, forfeiture should not, despite the formal language of notices of intent to forfeit and of forfeiture (which we could henceforth change by court rule), be viewed as anything other than a condition precedent to the commencement of summary proceedings. The function of the notices is primarily to inform the purchaser that unless he cures the delinquency he faces court action.

Sending a notice of forfeiture is, except in the extraordinary case, but an early step in a seller's often long drawn out efforts to obtain compliance by a delinquent purchaser with his obligations under the contract. If the purchaser's response to the notice is, atypically, "I am willing to surrender

---

[2] MCL 600.5726; MSA 27A.5726.

my equity", or if he so responds after the commencement of summary proceedings, the seller must, indeed, by reason of the statute, make an election. He is then required to decide whether to accept possession or to seek a deficiency judgment.

# I

In the instant case the land contract concerned an apartment building located at 1550 Seward, one and a half blocks east of Twelfth Street, in Detroit.

The purchase price was $40,000, with no down payment, payable with interest at 7% per annum in monthly installments of $400 beginning January 1, 1970, and the entire purchase money and interest was payable within 8 years from the date of the contract. The contract included all stoves, refrigerators and other appliances and goods located on the premises.

It was stated that "a City of Detroit inspection dated 8/12/69 consisting of 68 items in 7 pages" had been made, and the purchasers agreed to correct "all violations of record" within six months as "part of the consideration of purchase price".

Installments of principal and interest were paid in 1970 and 1971. The principal balance on October 1, 1971, was $36,386.10.

About one year later, September 19, 1972, at a time when 12 installments at $400 ($4,800) plus taxes and insurance were in default, the sellers sent the purchasers notice of intention to forfeit the land contract.[3] When the ten days for response

[3] It was a printed form stating that by reason of the default, "you have forfeited your rights thereunder" and if the default is not cured "the undersigned will exercise their option under the said contract to declare said land contract forfeited" and that the purchasers will be required to deliver possession of the premises.

expired on September 29, 1972, notice of forfeiture was sent.[4]

The purchasers responded by letter to the sellers' attorney enclosing a quit-claim deed. The deed stated that it was "given to surrender and deliver up possession of said premises pursuant to" the notice of forfeiture. The letter suggested that the sellers "make immediate arrangements for care of the building and with the tenants. Mr. Stuart J. Montgomery has been the caretaker of the premises, but we believe he will be leaving shortly. Mr. Ben Gruskin was previously informed that the boiler needed repairs".

Six days later, October 25, 1972, sellers' attorney responded by letter to the purchasers' attorney, returning the quit-claim deed, stating that it had been "refused by my clients". The stated reason for refusal was that demand had been made for surrender of possession on September 19, "which your clients did not see fit to do until long after notice of forfeiture was served upon them". The letter continued:

"My clients have elected to institute deficiency judgment proceedings in the Wayne County Circuit Court for some $36,000 balance due, plus interest.

"Investigation further indicates that your clients have totally milked the building and that it is presently in a poor state of repair with several building and health code violations. Under these circumstances, it is believed that your 'surrender of possession' by delivery of the enclosed deed is for the sole purpose of escaping liability for these violations and perhaps some civil liability."

---

[4] This notice was also a printed form which stated that by reason of the default the sellers elected "to declare * * * said land contract forfeited, effective 15 days after service of this notice". Unless the default was cured, the purchasers would be required to deliver possession of the premises.

The purchasers' attorney responded the following day that the deed was delivered in compliance with the demand for possession. "Your clients are, therefore, in possession of the real estate."[5]

The purchasers' motion for summary judgment on the ground that the sellers had elected their remedy and may not sue in the circuit court for deficiency was denied by the circuit judge who stated that § 5750 "provides, in the absence of a judgment in summary proceedings, the service of a notice of forfeiture is not a bar to circuit court foreclosure of land contract proceedings".

The sellers' motion for summary judgment claimed that, by reason of the building code and other violations, the City of Detroit had torn the building down and had placed a lien on the property for the cost of demolition, an amount greater than the value of the land. The property in question was located in an area of unoccupied and vandalized apartment buildings in various states of disrepair, some of which had been torn down by the city. It was opined that the property was without value.

Purchasers responded that the decreased value of the property was the result of the demolition of the building by the city, if such demolition had taken place, and that the demolition was the result of the sellers' failure to act upon notices sent by the city to the sellers after they had regained possession of the property from the purchasers.

The sellers' motion for summary judgment was granted and judgment entered in the amount of $36,386.10 principal, $5,305.53 interest and costs,

---

[5] The letter continued that "[r]ather than play the charade of sending the deed back to you and your sending it back to us, we are holding the deed for your clients. You may have it at any time", and then offered to accept service of process in the event of suit.

with interest from November 1, 1973. The Court of Appeals reversed, holding that the common-law rule had not been changed by the statute and that sending of the notice of forfeiture was an election of remedies precluding an action to foreclose.

## II

Land contract purchasers generally do not willingly surrender possession or forfeit their equity. Most sellers do not seek a return of the property, but payment.

There is no reason to burden the circuit courts with actions to foreclose land contracts. Land contract sellers should not be encouraged to commence such proceedings.

Since the seller's legitimate interests are generally protected by summary proceedings, he should not be constrained to commence foreclosure proceedings unless it appears that the purchaser does not wish to preserve and is willing to surrender his equity. There is no reason to put him to an election when he does not yet know whether the purchaser intends to protect his equity.

Suppose that a seller were to commence a circuit court action for foreclosure. In the Wayne Circuit Court such an action would not come to trial for three years or more. The seller's attorney could move to advance, but the purchaser's attorney might well respond that the judge should, in the exercise of discretion, deny the motion because the case belongs in the Landlord-Tenant Division of the Common Pleas Court where the purchaser's interests will be better protected.[6]

_____

[6] In a circuit court action, the seller can, if the land contract so provides (the standard forms of land contract do), accelerate the balance and require the purchaser to pay the entire amount of the land contract balance. In summary proceedings, acceleration is not

A circuit judge may refuse to advance, with the result that the seller might have to wait more than three years, perhaps four or five years, before his case comes to trial. In the meantime, installments are not paid, taxes may go into default and insurance may be unpaid.

If the seller commences an action for the unpaid installments in the Common Pleas Court, that too may take two or three years to come to trial unless the cause is advanced. If the seller obtains a money judgment he may find that the purchaser is judgment-proof except, possibly, for his purchaser's interest under the land contract, but that might also by then be encumbered.

Under the circumstances which prevail, sellers understandably commence summary proceedings with a view to obtaining a resumption of the installment payments. By comparison with an action for foreclosure or money damages, such proceedings move expeditiously and generally accomplish their purpose of persuading the purchaser to cure the delinquency.

If it appears that the purchaser does not desire or intend to perform and is willing to surrender his equity, then the seller must make a decision and, under the statute, is put to an election of remedies. He may accept possession or, if he wishes to obtain a deficiency judgment, abandon the summary proceedings in favor of foreclosure action.[7]

---

permitted and the purchaser can cure the default by paying the installments in default.

We note that mortgage foreclosure by advertisement is as expeditious as most summary proceedings, and not subject to judicial supervision unless the mortgagee seeks a deficiency judgment, in which event the adequacy of the bid price can be inquired into, MCL 600.3280; MSA 27A.3280.

[7] A seller who commences a foreclosure action after commencing summary proceedings and a refusal by the purchaser to cure the

## III

The statute does not require the result reached by the Court of Appeals. Insofar as the common-law rule is different, it may, like any other judge-made rule, be changed.

What should be borne in mind is that sending notice of forfeiture does not under the law today effect a forfeiture. The purchaser is protected by the statute from the effect of the notice of forfeiture.

At common law sending notice of forfeiture did forfeit the contract. The seller thereupon became entitled to possession of the premises. Actions for ejectment, trespass and self-help followed. Purchasers were summarily put out without opportunity to cure the default.

Today the significance of sending a notice of forfeiture is altogether different. Except for the rare case where the purchaser wishes to take advantage of the common-law rule to avoid performance of his obligations, it functions, as does the notice of intention to forfeit, as a warning that the seller is about to do something unless the deficiency is cured. A purchaser who receives a notice of intention to forfeit or a notice of forfeiture is simply advised that the seller is impatient and is about to take action because of the delinquency.

The purchaser is protected. The seller cannot evict merely because he sent notice of forfeiture. The seller must, rather, send the notice as a condition precedent to commencement of summary

delinquency will be seen differently when he seeks in circuit court to advance his foreclosure action for prompt determination. It will then not appear that the seller has sought to take advantage of the purchaser, who had an opportunity to cure the delinquency by paying past-due installments.

proceedings. If summary proceedings are commenced, the purchaser may still cure the default at any time during the proceedings, and, indeed, as late as three or six months (depending upon the amount theretofore paid) after the conclusion of the proceedings.[8]

The common-law rule has a certain logic to it— one should not be able to both forfeit a contract and enforce it. The fallacy in the logic is the assumption that today the mere sending of notice of forfeiture does in fact forfeit a land contract.

Today inconsistency in pleadings is permitted, inconsistent remedies may be sought and alternative relief granted. The concept of election of remedies has undergone considerable change in recent years. This development in the jurisprudence, eliminating artificial rules regarding consistency of remedies, gives secured creditors generally alternative remedies.[9]

The statute does not, in terms, characterize the seller's action as an election of remedies until a writ of restitution in fact issues. It is far from clear that the Legislature did not intend to change the common-law rule. In all events, it did not preclude a change in the common-law rule. We are at liberty to change the common-law rule. Doing so would not be inconsistent with any provision of the statute, and would be entirely consistent with it.

The statute says that even a judgment for possession in summary proceedings after forfeiture "does not merge or bar any other claim for relief, except * * * for money payments due or in ar-

[8] MCL 600.5744(3); MSA 27A.5744(3).

[9] See, e.g., White & Summers, Handbook of the Law Under the Uniform Commercial Code, pp 964-965; Osborne on Mortgages (2d ed), p 698; 69 Am Jur 2d, Secured Transactions, § 557, pp 446-448.

rears under the contract *at the time of trial* [emphasis supplied]". Thus, although a judgment for possession has entered, the seller may still seek other relief.[10]

The statute provides further that a judgment for possession after forfeiture *"which results in the issuance of a writ of restitution* shall also bar any claim for money payments which would have become due under the contract subsequent to the time of issuance of the writ [emphasis supplied]". Thus, although a judgment for possession has entered, until a writ of restitution issues, the seller may seek to recover additional amounts from the purchaser.

Under the defendants' construction, if the seller takes any action other than the extraordinary action of commencing an action for a money judgment in district, common pleas or circuit court or an action for foreclosure in circuit court, the purchaser may at any time during the course of the summary proceedings—unless the default is fully cured and the proceedings are thereby terminated —surrender possession, and the purchaser has no alternative but to accept. That is at least arguably inconsistent with the statute which provides that it is not until the writ of restitution issues that the equitable right of redemption is foreclosed and any claim for money payments which become due under the contract subsequent to the time of issuance of the writ is barred.

Our colleagues refer to the Law Revision Commission report recommending changes in the procedures relating to summary proceedings for pos-

---

[10] He may not, however, seek to recover payments in arrears through the time of trial if he has not already sought to recover them in the proceedings.

session of premises.[11] The language submitted by the Law Revision Commission would have made the *judgment for possession* the final act,[12] while § 5750 as enacted by the Legislature makes a judgment for possession only a bar to "any claim for money payments due or in arrears under the contract at the time of trial", and defers until issuance of a *writ of restitution* a bar to "any claim for money payments which would have be-

---

[11] The commentary states only that a seller "cannot *recover* the premises under this chapter *and then maintain* a separate claim for payments due or to become due under the contract". But that in a sense begs the question of whether tendering a deed following a notice of forfeiture constitutes recovery of the premises where the seller, as here, promptly returns the deed and never takes physical possession of the premises.

The second sentence of the commentary, stating that "if the plaintiff" prefers to have money damages under the contract, he "should be required to elect that remedy or to foreclose in the circuit court" where the purchaser will receive credit for the proceeds of the foreclosure sale, again does not reach the question before us of whether the sellers' actions in this case constituted an election of remedies precluding an action for foreclosure.

[12] The proposal of the Law Revision Commission was as follows:

"A judgment for possession under this chapter does not merge or bar any other claim for relief, except that a judgment for possession after forfeiture of an executory contract for the purchase of land shall merge and bar any claim for money payments due or to become due under the contract." Michigan Law Revision Commission, Fifth Annual Report (1970), p 36.

The statute provides:

"The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. A judgment for possession under this chapter does not merge or bar any other claim for relief, except that *a judgment for possession* after forfeiture of an executory contract for the purchase of premises *shall merge and bar any claim for money payments due or in arrears under the contract at the time of trial* and that a judgment for possession after forfeiture of such an executory contract which results in *the issuance of a writ of restitution shall also bar any claim for money payments which would have become due under the contract subsequent to the time of issuance of the writ.* The plaintiff obtaining a judgment for possession of any premises under this chapter is entitled to a civil action against the defendant for damages from the time of forcible entry or detainer, or trespass, or of the notice of forfeiture, notice to quit or demand for possession, as the case may be." MCL 600.5750; MSA 27A.5750 (emphasis supplied).

come due under the contract subsequent to the
time of issuance of the writ".

## IV

Concern has been expressed that unsophisticated
land contract purchasers may be taken advantage
of if we abrogate the common-law rule. A seller
could obtain possession of the property, attempt to
sell it and, failing to do so, could commence fore-
closure proceedings and obtain a deficiency judg-
ment.

A land contract seller may not take possession
of the property and attempt to sell it and, if
unable to do so, seek then to foreclose.[13] The seller
is required to make a choice. That is not the issue.

The issue is when should he be required to make
that choice and whether he makes that choice
irrevocably when he takes the steps that the law
requires him to take as a condition precedent to
commencing summary proceedings. The question
is whether today he should be put at a disadvan-
tage by having to make an election before he
knows whether the purchaser wishes to maintain
the contract and to make the required installment
payments now that in many counties because of
court congestion the only practical remedy for
determining whether the defaulting purchaser will

---

[13] It is asserted that the market value of the property and duration
of the land contract are factors weighed by the seller in selecting
between forfeiture and foreclosure and that the choice between for-
feiture and foreclosure puts the seller in a sufficiently advantageous
position.

A number of assumptions are involved in those arguments, includ-
ing that sellers are informed and that it is purchasers who are
uninformed and may be taken advantage of. It appears that in some
cases the reverse is the case, that it is the purchaser who is well-
advised, and the seller who is not, regarding the procedures to be
followed and the consequences that the common law attached to
sending a notice of forfeiture.

adhere to the terms of the contract is summary proceedings.

## V

It is manifest that the sellers did not intend to waive the personal liability of the purchasers. After a year without payment, they took preliminary steps in an effort to obtain payment of the defaulted installments. The purchasers' response was to offer to return the property to the sellers. If the sellers had accepted that offer, they would, indeed, under the statute have elected a remedy and could not have sought a deficiency judgment.

The policy of protecting purchasers who are in difficulty does not require that a seller's pre-suit notices be transformed into an irrevocable election. Neither consistency nor fairness and the protection of purchasers' rights, requires retention of the common-law rule.[14]

---

[14] The situation here resembles *Smith v General Mortgage Corp*, 402 Mich 125; 261 NW2d 710 (1978), where this Court modified a common-law rule to avoid an inequitable result.

The mortgagor's property, insured for $18,000, was totally destroyed by fire. The plaintiffs were in default in their mortgage payments, the mortgagee foreclosed and bid in the property for $13,961, the amount due. The mortgagors argued that they were entitled to the insurance proceeds because the mortgage debt was extinguished when the mortgagee bid the amount owing at the foreclosure sale. The mortgagee contended that since the property was almost worthless, it was entitled to the portion of the proceeds equal to the debt.

Although the loss occurred *before* the mortgage sale and the mortgagee would have been entitled to the insurance proceeds to reduce the debt or repair the property, and, having purchased the property at the foreclosure sale, arguably had waived its rights under the mortgage, we held "that when the loss occurs before a foreclosure sale in which the mortgagee purchases the property for a bid which extinguishes the mortgage debt, the mortgagee is not entitled to the insurance proceeds".

We declined to enforce the common-law rule, stating that strict application of it "would work an injustice in this case". It would be "unfair" to award the insurance proceeds to the mortgagor "when the [mortgagee] paid the amount of the debt for worthless property".

We do not, however, direct enforcement of the summary judgment for over $40,000 granted the sellers. The facts and circumstances should be further developed, especially since we are announcing a change in the common-law rule.

We reverse the Court of Appeals, vacate the summary judgment, and remand to the circuit court for further proceedings consistent with this opinion.

COLEMAN, C.J., and KAVANAGH, FITZGERALD, and RYAN, JJ., concurred with LEVIN, J.

BLAIR MOODY, JR., J. *(dissenting).* The question presented is whether the summary proceedings to recover possession of realty act, 1972 PA 120, MCL 600.5701 *et seq.;* MSA 27A.5701 *et seq.,* has altered the common-law rule that a vendor's forfeiture of a defaulted land contract constitutes an election of remedies which precludes a subsequent foreclosure and deficiency judgment based upon the contract.

I

Plaintiffs Myron, Ellen, Ben and Frances Gruskin, and Joan H. Volin entered into a land contract in 1969 to sell an apartment building in Detroit to Marshall Fisher and Charles Burger. The consideration for the conveyance was the promise of the vendees to remedy a list of municipal code violations and pay $40,000 plus interest in installment payments. Before he died, Marshall Fisher transferred his interest in the land contract to an inter vivos trust, and the co-executors of his estate, defendants Irene R. Fisher and Gordon L. Fisher, were also the successor trustees of that trust.

On September 19, 1972, when the vendees had

been in default on their payments for almost a year, the vendors sent the vendees a formal notice of intention to forfeit the land contract, demanding payment of the money then due ($4,800) or surrender of the premises. Notice of forfeiture was served ten days later, after the vendees failed to cure their default. That notice stated that the vendors elected to:

"declare said land contract forfeited, effective in 15 days after service of this notice; and you are hereby further notified that unless the money required to be paid is paid and any other alleged material breaches of the contract are cured, that you are to yield, surrender and deliver up possession of the premises. * * *

"You are further notified that from and after the service of this notice, you will be liable for damages which the undersigned may suffer by reason of your continued possession of said premises."

In response to the notice, the vendees executed a quitclaim deed which was hand-delivered with a cover letter to the vendors' attorney on September 29, 1972. However, the vendors returned the deed because it had not been delivered within the 15 days specified in the notice of forfeiture and because the vendees had failed to correct the building and health code violations as agreed in the land contract.[1] Subsequent to service of the notice of forfeiture, the building in question was condemned by the City of Detroit and demolished in 1974.

The vendors never initiated summary proceedings for possession in district court to complete the

---

[1] The vendors' claim that the deed had to be delivered within the 15-day period, in order for the forfeiture to be complete, is invalid. The 15-day period is a statutory notice provision enacted in 1972 to provide a vendee with a specified period of time within which the forfeiture may be avoided by payment of the amount then in arrears. MCL 600.5728; MSA 27A.5728. See Michigan Law Revision Commission, Fifth Annual Report (1970), pp 29-30.

forfeiture process under the summary proceedings act. Instead, they brought this action in circuit court to foreclose the land contract and to obtain a deficiency judgment. Defendant vendees answered claiming that plaintiff vendors' forfeiture of the agreement was an election of remedies barring the foreclosure action on the contract. The trial court granted summary judgment for the plaintiffs. The trial court found that MCL 600.5750; MSA 27A.5750, changed the common-law rule of election of remedies so that the initiation of forfeiture does not bar alternative relief procedures until the land contract vendor has obtained a judgment for possession in district court.

The Court of Appeals determined that the statute in question did not abrogate the common-law rule and reversed the judgment of the circuit court. 70 Mich App 117; 245 NW2d 427 (1976). We granted leave to appeal. 399 Mich 885 (1977).

II

None of the parties disputes the long-established and well-settled common-law rule that a vendor's forfeiture of a defaulted land contract constitutes an election of remedies which precludes subsequently seeking a foreclosure and deficiency judgment based upon the contract. See *Goodspeed v Dean,* 12 Mich 352 (1864); *Balesh v Alcott,* 257 Mich 352; 241 NW 216 (1932); *Chicago Boulevard Land Co v Apartment Garages,* 245 Mich 448; 222 NW 697 (1929).

The rationale supporting this rule is the legal inconsistency of extinguishing the contract through forfeiture and then attempting to resurrect and enforce that contract through foreclosure.

"Having elected to exercise his option to declare the

contract at an end, the vendor cannot thereafter change his position and hold the purchaser liable to complete the purchase or pay any part of the unpaid purchase money. The remedy of the vendor by way of a rescission or forfeiture of the contract and the continued liability of the purchaser for the purchase money are totally inconsistent, and the exercise of the former terminates any further liability of the purchaser for the purchase money." 77 Am Jur 2d, Vendor and Purchaser, § 602, p 732.

Therefore, the only question presented is whether the summary proceedings to recover possession of realty act (hereinafter the Summary Proceedings Act), MCL 600.5701 *et seq.;* MSA 27A.5701 *et seq.,* has altered or abrogated that long-established common-law rule.

The Summary Proceedings Act, while most specifically directed at landlord-tenant relations, provides a procedure to recover possession of premises in various situations, including forfeitures of executory land contracts. MCL 600.5701(a); MSA 27A.5701(a).

In a land contract setting, a forfeiture of the contract is a prerequisite to use of summary proceedings to regain possession of the premises. MCL 600.5726; MSA 27A.5726. Additionally, the statute requires that the vendor give notice of forfeiture and provides a 15-day period in which the vendee can cure the default. MCL 600.5728; MSA 27A.5728.

These provisions differ substantially from the land contract foreclosure provisions of Chapter 31 of the RJA. MCL 600.3101 *et seq.;* MSA 27A.3101 *et seq.* Under the foreclosure provisions the vendee has at least three months to cure the default. See MCL 600.3110-600.3115; MSA 27A.3110-27A.3115. Furthermore, the vendee is entitled to possession

of the premises until the actual foreclosure sale. MCL 600.3150; MSA 27A.3150.

The key provision of the Summary Proceedings Act in question in the instant case is MCL 600.5750; MSA 27A.5750 which states:

"The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. A judgment for possession under this chapter does not merge or bar any other claim for relief, except that a judgment for possession after forfeiture of an executory contract for the purchase of premises shall merge and bar any claim for money payments due or in arrears under the contract at the time of trial and that a judgment for possession after forfeiture of such an executory contract which results in the issuance of a writ of restitution shall also bar any claim for money payments which would have become due under the contract subsequent to the time of issuance of the writ. The plaintiff obtaining a judgment for possession of any premises under this chapter is entitled to a civil action against the defendant for damages from the time of forcible entry or detainer, or trespass, or of the notice of forfeiture, notice to quit or demand for possession, as the case may be."

The trial court, reading the first two sentences together, held that the initiation of forfeiture proceedings does not bar the land contract vendor from initiating foreclosure proceedings in the circuit court until the vendor has obtained a *judgment for possession* in district court. We disagree.

The first sentence merely states that the remedy provided by the statute to recover possession through summary proceedings does not eliminate any other remedy available to the land contract vendor, but exists as a separate remedy for obtaining possession of real property. The traditional remedies available to a vendor under a defaulted land contract including action for breach of con-

tract, rescission, specific performance and foreclosure have not been eliminated. Thus, the first sentence reaffirms well-established law that the vendor may select from among the traditional remedies when seeking redress on a defaulted contract.

The second sentence states the consequences of selecting forfeiture and summary proceeding as the method for obtaining possession. After forfeiture of an executory land contract, a judgment for possession or the issuance of a writ of restitution merges and bars any claim for money payments due or in arrears under the contract at the time of trial.[2] However, according to the second sentence, a judgment for possession or the issuance of a writ of restitution after a judgment for possession does not bar any other claim for relief permitted under the Summary Proceedings Act.

Section 5739 of the Summary Proceedings Act delineates the claims for relief which are available in an action for summary possession:

"Except as provided by court rules, a party to summary proceedings may join claims and counterclaims for money judgment for damages attributable to wrongful entry, detainer or possession, for breach of the lease or contract under which the premises were held or for waste or malicious destruction to the premises, but the court may order separate summary disposition of the claim for possession, without prejudice to any other claims or counterclaims. A claim or counterclaim for

---

[2] A judgment for possession constitutes a bar to any claim for money payments due under the contract at the time of trial because the contract is terminated by the notice of forfeiture. The vendor is not entitled to payments under the contract, unless the vendee chooses to make the payments and thereby reinstates the contract. The issuance of the writ of restitution bars a claim for money payments due under the contract subsequent to the issuance of the writ for the same reason: the contract has been terminated by the forfeiture. The vender is not entitled to have both the money under the contract and possession of the property.

money judgment shall not exceed the amount in controversy which otherwise limits the jurisdiction of the court." MCL 600.5739; MSA 27A.5739.

Therefore, in an action for summary possession a vendor may join a claim for money damages, but is precluded from claiming any amount due under the contract.

Support for this interpretation can be found in the comments issued by the Michigan Law Revision Commission in a 1970 report which recommended the adoption of the then proposed 1972 amendments. The commission comment on § 5750 is as follows:

"The first sentence is intended to state explicitly the intent of the present statute. The second sentence is intended to make clear that in land contract cases the plaintiff cannot recover the premises under this chapter and then maintain a separate claim for payments due or to become due under the contract. If the plaintiff prefers to have money damages under the contract, he should be required to elect that remedy or to foreclose in the circuit court where the defendant will receive credit for the proceeds of the foreclosure sale." Michigan Law Revision Commission, Fifth Annual Report (1970), p 36.

## III

We agree with the Court of Appeals that § 5750 of the Summary Proceedings Act does not evince a clear and plainly expressed legislative intention to abrogate the common-law rule. Accordingly, we hold that when a vendee defaults on a land contract, the vendor may still pursue any of the traditional remedies, including forfeiture and obtaining possession of the premises through the

new Summary Proceedings Act. Additionally, a vendor who chooses summary proceedings may obtain incidental money damages through claims for relief listed in § 5739. However, once having elected the remedy of forfeiture and having made a claim for possession through notice of forfeiture, a land contract vendor is barred from pursuing any other inconsistent remedy which would resurrect the contract and would seek damages under it.

Plaintiff vendors' foreclosure action is barred. The Court of Appeals is affirmed. Costs to appellees.

WILLIAMS, J., concurred with BLAIR MOODY, JR., J.