**In re David Louis LANGLAIS and Kathy Ann Langlais, Debtors.**

**Bankruptcy No. 80–03406–K.**

United States Bankruptcy Court, S. D. California.

June 4, 1981.

---

Harry W. Heid, San Diego, Cal., pro se.

George Ritner, San Diego, Cal., for debtors.

## MEMORANDUM OF DECISION

ROSS M. PYLE, Bankruptcy Judge.

The Debtors' Objection to Claim No. 5, item no. 2, filed by Mutual Savings and Loan (hereinafter referred to as "Mutual") came on regularly for hearing on February 13, 1981. There were no appearances by or on behalf of Mutual. The Court, having considered the evidence and arguments of counsel, renders its Memorandum of Decision as follows.

### FACTS

Mutual's claim in the amount of $39,-429.94 is secured by a first mortgage on certain real property in Isabella County, Michigan. On the face of the claim, the property is stated to have a fair market value of $48,000.00.

The Debtors list the claim of Mutual in their schedules as a contingent liability, arising from a home which they sold in 1980. The Debtors object to the allowance of Mutual's claim in any amount for the reason that the claim is fully secured by the real property and should not be paid through the Debtor's Chapter 13 plan. At the time of the hearing on this objection, there was no evidence presented or allegations made that the home loan note and mortgage were in default.

At the hearing, the Court ordered that no payments were to be made on this claim by the Chapter 13 Trustee pending further order of the Court and the matter was taken under submission. The parties were given until February 27, 1981, to file Points and Authorities on the applicable Michigan law but none have been filed with the Court.

### DISCUSSION

Under Michigan law, a mortgagor is liable for any deficiency if a valid sale does not bring enough to satisfy the principal, interest and costs. M.C.L. § 600.3150; 16 *Mich. Law & Prac. Encyc.,* Mortgages § 188 (1957). The Michigan court in discussing a default under a land sale contract, stated that mortgagees may obtain a deficiency judgment, whether the foreclosure is by action or advertisement. *Gruskin v. Fisher,* 405 Mich. 51, 58, 273 N.W.2d 893 (1979) (rehrg. denied 406 Mich. 1117).

If a foreclosure suit seeks a personal decree for any deficiency that may result, a mortgagor who has sold his or her interest in the mortgaged property subject to the mortgage debt which a purchaser has assumed, is a necessary party to such foreclosure action. 16 *Mich. Law & Prac. Encyc., supra,* § 236.

A defense to the deficiency judgment is that the property was underbid and that its value is sufficient to fully repay the foreclosing creditor. *Chabut v. Chabut,* 66 Mich.App. 440, 239 N.W.2d 401 (1976).

From the foregoing, it appears that under Michigan law the debtors are contingently liable for any deficiency if the purchasers of the property default on the note, but only if the debtors are parties to the foreclosure and if the value of the property is insufficient to pay off all sums due.

11 U.S.C. § 502(c) provides as follows:
(c) There shall be estimated for the purpose of allowance under this section—

(1) any contingent or unliquidated claim, fixing or liquidation of which, as the case may be, would unduly delay the closing of the case. . . .

In the instant case, to await the maturing of any potential deficiency judgment against the debtor would delay the closing of the case. Therefore, the Court must estimate the amount of this contingent claim. From the face of the claim, it appears that the amount of the claim should be zero because the value of the property is stated to be $48,000, roughly $8,500 in excess of the unpaid balance on the note. Thus, the property's value is sufficient to fully repay the creditor even if foreclosure took place immediately. Consequently, under Michigan law, the debtors would have a complete defense to a deficiency judgment.

Therefore, since the contingent claim is valueless, it will be disallowed.

### CONCLUSION

Claim No. 5, item no. 2, filed by Mutual Savings and Loan in the amount of $39,429.94 is disallowed as having no value.

The Attorney for the debtors shall prepare an appropriate order within ten (10) days from the date hereof.