*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SERENE KATRANJI,

Plaintiff-Appellant,

v

MARK SAVAYA,

Defendant-Appellee.

UNPUBLISHED
May 11, 2026
9:38 AM

No. 375918
Oakland Circuit Court
LC No. 2025-212623-CH

Before: BAZZI, P.J., and SWARTZLE and YOUNG, JJ.

PER CURIAM.

In this action for foreclosure of a land contract, plaintiff appeals as of right the trial court's order granting defendant summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) and denying plaintiff summary disposition under MCR 2.116(C)(10). Because the trial court erroneously barred plaintiff's claim on the grounds of election of remedies, accord and satisfaction, and lack of adequate notice, we reverse and remand.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case involves the parties' land contract to acquire property. On January 22, 2024, plaintiff agreed to sell the property to defendant for a purchase price of $3,400,000, which defendant would pay over three years. Defendant agreed to immediately pay $525,000 for the property, then pay the remaining balance in one $125,000 principal payment by August 1, 2024, and monthly $25,000 interest payments starting on March 1, 2024. Defendant further agreed to pay all property taxes, utilities, and other assessments. The land contract included an acceleration clause if defendant defaulted on the contract, stating in pertinent part:

> If [defendant] fails to make multiple payments (3 or more) of any amount required under this Land Contract..., when they become due and payable or shortly thereafter, if in the performance of any of the terms of this Land Contract, violates, breaches, or defaults in any of the provisions of this Land Contract... or violates any of the provisions of the Land Contract and continues to violate such provision for a period of 45 days, [defendant] shall be in default of the Land Contract.... On a default by [defendant], [plaintiff] may at any time after the Default and on notice

-1-

to [defendant] declare the entire balance owed under this Land Contract, together with interest, to be due and payable immediately.

If defendant defaulted on the contract, plaintiff could "immediately or at any time after such breach...declare this Land Contract forfeited and void...." The contract required a notice of forfeiture to "specify all unpaid moneys and all other breaches of this Land Contract and declare the forfeiture of this Land Contract effective in fifteen...days after service unless the money is paid and other breaches are cured within that time."[1]

On November 1, 2024, plaintiff's counsel sent defendant a letter alleging he defaulted under the land contract. Plaintiff contended that defendant failed to disburse the monthly interest payments on time, neglected the $125,000 principal payment by August 1, 2024, and failed to pay a property tax bill by August 31, 2024. Plaintiff further claimed that defendant did not "comply with building codes," and did not obtain proper permits for "structural modifications and additions...to the Property."[2] Plaintiff's counsel notified defendant that plaintiff "exercises her right to accelerate [defendant]'s obligation under the Land Contract and demands payment in full of all outstanding amounts due under the Land Contract, plus interest and costs." Plaintiff declared the land contract was "forfeited and void."

On December 2, 2024, plaintiff filed a complaint for possession of the property in the 48th District Court, alleging defendant materially breached the contract and was $100,250 in arrears under the contract. Defendant alleged he made the $25,000 monthly payments and paid half of the principal payment on time, but "the payment was incorrectly labeled as a payment for the motor vehicle-on [sic] account." Defendant argued he did not receive proper notice of forfeiture. At a hearing in the district court, defense counsel expressed that defendant was "willing to pay the balance due on the land contract...." Plaintiff's counsel asserted that plaintiff was not seeking to accelerate the full balance due in her district court action. The parties stipulated to the district court's dismissal of plaintiff's action without prejudice.[3]

Plaintiff subsequently filed her complaint in the present case claiming, "As a result of Plaintiff's acceleration of the Land Contract, the full balance under the Land Contract remains due and owing." Defendant purportedly owed $2.98 million, including the full outstanding interest and principal due under the land contract. Plaintiff requested, if defendant did not pay that amount, the trial court order foreclosure of the land contract and sale of the property. Defendant moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim on which relief can be

---

[1] The contract further provided, "If foreclosure proceedings . . .are instituted against the Property, . . .[plaintiff] may, in her sole and exclusive discretion, immediately declare the amounts owed under this Land Contract due and payable and institute proceedings necessary to protect her interest in the Property."

[2] On May 22, 2024, defendant was charged in the 48th District Court with working without a building permit. That charge was dismissed on February 3, 2025.

[3] In an e-mail to defense counsel, plaintiff's counsel stated, "The dismissal obviously doesn't relive [sic] [defendant] from ongoing Land Contract obligations, including monthly payments and the insurance issues we've been communicating on."

granted) and MCR 2.116(C)(10). Defendant argued the election of remedies doctrine barred plaintiff's foreclosure claim because she previously elected the remedy of forfeiture. Plaintiff moved for summary disposition under MCR 2.116(C)(10). She averred defendant did not make any timely monthly interest payments from March 2024 to January 2025. Plaintiff contended that defendant paid her approximately $130,000 before the dismissal of the district court action, but defendant still owed the full accelerated balance.

The trial court dismissed plaintiff's foreclosure claim, granting defendant summary disposition and denying plaintiff summary disposition. The court ruled that plaintiff elected a remedy, barring her foreclosure action, by filing a forfeiture action in the district court and agreeing to dismiss that action after defendant cured his defaults. In the trial court's view, plaintiff's claim was barred by an accord and satisfaction, because "Defendant was led to believe that, if he cured the defects existing at the time of the summary proceeding, the land contract was reinstated...." Lastly, the court ruled plaintiff did not provide proper notice of foreclosure. Specifically, plaintiff did not send a "forty-five-day notice of foreclosure[,]" and it was "not clear what default the Plaintiff [was] relying on in support of her claims." Plaintiff now appeals.

## II. LAND CONTRACT FORECLOSURE

Plaintiff argues the trial court erred by ruling: (1) her foreclosure action was barred by the election of remedies doctrine; (2) the parties reached an accord and satisfaction by agreeing to dismiss plaintiff's earlier forfeiture action; and (3) plaintiff did not provide adequate notice of defendant's alleged default. We agree.

## A. STANDARD OF REVIEW

This Court reviews a trial court's grant of summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Defendant's motion for summary disposition was brought under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint. *Id*. at 120. "All well-pleaded allegations are viewed in the light most favorable to the nonmoving party unless documentary evidence is provided that contradicts them." *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 309; 901 NW2d 577 (2017). If the movant meets their initial burden of supporting their motion by documentary evidence, the burden shifts to the nonmovant to establish a genuine issue of material fact. *Id*. (citations omitted).

"Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Maiden*, 461 Mich at 120 (citations omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003) (citations omitted). "A court may not make findings of fact; if the evidence before it is conflicting, summary disposition is improper." *Piccione v Gillette*, 327 Mich App 16, 19; 932 NW2d 197 (2019) (emphasis omitted; quotation marks and citation omitted). This Court reviews issues of statutory interpretation de novo. *Ahmed v Tokio Marine America Ins Co*, 337 Mich App 1, 7; 972 NW2d 860 (2021) (citation omitted).

## B. DISCUSSION

The trial court erred by granting defendant summary disposition based on the defenses of election of remedies and accord and satisfaction. The trial court erroneously ruled plaintiff did not provide proper notice before requesting foreclosure of the land contract. Lastly, plaintiff did not waive her ability to seek foreclosure.

The trial court determined plaintiff's action for foreclosure of the land contract was barred because she elected a remedy by requesting forfeiture of the contract in the district court. A land contract is "an executory contract in which legal title remains in the seller[] until the buyer[] performs all the obligations of the contract while equitable title passes to the buyer[] upon proper execution of the contract." *Zurcher v Herveat*, 238 Mich App 267, 291; 605 NW2d 329 (1999). Under MCL 600.3115, "[w]henever a complaint is filed for the foreclosure...of any mortgage on real estate or land contract, the court has power to order a sale of the premises which are the subject of the mortgage on real estate or land contract...."

The trial court erroneously ruled plaintiff elected a remedy by filing a forfeiture action and agreeing to dismiss that action after defendant's $130,000 payment. The election of remedies doctrine prevents a party from obtaining "double redress for a single injury." *Barclae v Zarb*, 300 Mich App 455, 486; 834 NW2d 100 (2013) (quotation marks and citations omitted). "In order for the doctrine to apply...(1) at the time of the election, there must have been two or more remedies available; (2) the alternative remedies must be inconsistent rather than consistent and cumulative; and (3) the party must have chosen and pursued one remedy to the exclusion of the other(s)." *Id*. (quotation marks and citation omitted). "A plaintiff may, however, simultaneously pursue all available remedies regardless of their legal consistency, if the plaintiff does not obtain a double recovery." *Id*. (citation omitted).

At common law, serving a notice of forfeiture was an election of remedies, since the notice itself forfeited the land contract and entitled the plaintiff to possession. See *Gruskin v Fisher*, 405 Mich 51, 65; 273 NW2d 893 (1979); see also *Wilson v Taylor*, 457 Mich 232, 240; 577 NW2d 100 (1998). However, under the Revised Judicature Act, MCL 600.101 *et seq*., a notice of forfeiture merely acts "as a condition precedent to the commencement of summary proceedings." *Wilson*, 457 Mich at 240. "In modern practice, a seller may pursue alternative remedies until a writ of restitution has been entered, even after a judgment of possession has been entered." *Id*. at 240-241 (citations omitted). Under MCL 600.5750, a judgment for possession after forfeiture of a land contract, not filing a forfeiture action, bars any claim for money payments under the contract. Further, the Michigan Supreme Court has held a seller "may, even after sending notice of forfeiture, refuse tender of possession and either commence an action for money damages or for foreclosure of the land contract." *Gruskin*, 405 Mich at 57-58. The plaintiff in *Gruskin*, *id*. at 61-62, only sent a notice of forfeiture, while the present plaintiff filed a forfeiture action in the district court. Yet this difference is not a legally relevant distinction between this matter and the Michigan Supreme Court's holdings in *Gruskin* and *Wilson*. The Revised Judicature Act and modern caselaw do not "characterize the seller's action as an election of remedies until a writ of restitution in fact issues." *Gruskin*, 405 Mich at 66. The fact plaintiff did not just send a notice of forfeiture but filed a forfeiture action and dismissed that action after defendant paid $130,000 does not constitute an election of remedies. Plaintiff would only have elected a remedy if the district court awarded her a judgment of possession and writ of restitution, neither of which occurred. Because

-4-

plaintiff's earlier forfeiture action did not bar her from seeking foreclosure, the trial court erred by granting defendant summary disposition under the election of remedies doctrine.

The trial court also barred plaintiff's claim, ruling the parties' stipulated dismissal of plaintiff's forfeiture action was an accord and satisfaction. As an affirmative defense, a defendant has the burden of establishing an accord and satisfaction. *Nationwide Mut Ins Co v Quality Builders, Inc*, 192 Mich App 643, 646; 482 NW2d 474 (1992) (citation omitted). To demonstrate an accord and satisfaction, a defendant must demonstrate "(1) its good-faith dispute of (2) an unliquidated claim of the plaintiff, (3) its conditional tender of money in satisfaction of the claim, and (4) the plaintiff's acceptance of the tender (5) while fully informed of the condition." *Faith Reformed Church of Traverse City, Mich v Thompson*, 248 Mich App 487, 492; 639 NW2d 831 (2001) (citation omitted).

Defendant did not establish an accord and satisfaction because the evidence did not show plaintiff accepted defendant's payment under the condition the payment would fully discharge plaintiff's claim.[4] If a defendant makes a payment less than the full amount allegedly due under a plaintiff's claim, the payment "must be accompanied by an explicit and clear condition indicating that, if the money is accepted, it is accepted in discharge of the whole claim." *Nationwide*, 192 Mich App at 646 (citation omitted). Plaintiff notified defendant she would exercise the land contract's acceleration clause, requiring defendant to pay the full accelerated balance of approximately $2.9 million.[5] Defendant argues he paid $130,000 to plaintiff before the parties dismissed her forfeiture action to discharge the full accelerated balance. But there was no record evidence that defendant communicated this alleged condition to plaintiff or that plaintiff accepted the payment with knowledge of the condition. The parties agreed to dismiss the forfeiture action without prejudice, and plaintiff's counsel stated the dismissal did not relieve defendant of his other obligations under the land contract. Defendant claims he reasonably relied on plaintiff's acceptance of the payment, but without a clear indication the payment would discharge her entire claim, defendant could not have reasonably relied on plaintiff's conduct. The parties did not reach an accord and satisfaction, and the trial court erred by barring plaintiff's foreclosure claim on this basis.

---

[4] Initially, plaintiff argues there was not an accord and satisfaction because her forfeiture claim was liquidated. A claim is unliquidated, satisfying the second requirement for an accord and satisfaction, if "the liability of [a] party or the amount of the claim is in dispute." *Hoerstman Gen Contracting, Inc v Hahn*, 474 Mich 66, 76-77; 711 NW2d 340 (2006) (quotation marks, citation, and footnote omitted). In the district court, plaintiff alleged defendant defaulted under the land contract by not making any monthly interest payments on time. Defendant claimed he did make the monthly payments on time and requested the district court dismiss the forfeiture action. Because the parties disputed defendant's liability under the land contract, plaintiff's forfeiture claim was unliquidated.

[5] Defendant does not challenge the enforceability of the acceleration clause.

Next, the trial court ruled plaintiff did not provide adequate notice under the land contract before filing her foreclosure action. This Court interprets and enforces unambiguous contractual language as written because such language reflects the parties' intent. *Harper Woods Retirees Ass'n v City of Harper Woods*, 312 Mich App 500, 508; 879 NW2d 897 (2015) (citation omitted). Under the land contract, defendant would be in default if he violated any provision of the contract for a period of 45 days. The contract stated, "On a default by [defendant], [plaintiff] may at any time after the Default and on notice to [defendant] declare the entire balance owed under this Land Contract, together with interest, to be due and payable immediately." Although the trial court did not indicate what contractual provision it relied on, it determined "there [was] no evidence to suggest a forty-five-day notice of foreclosure was issued." The unambiguous language in the land contract does not require notice of a default 45 days before filing a foreclosure action. Rather, defendant must violate the contract for 45 days to be in default. The contract allowed plaintiff to exercise the acceleration clause "at any time after the Default and on notice to [defendant]...." Plaintiff did notify defendant she would exercise the acceleration clause in her notice of forfeiture. The plain language of the land contract does not impose a 45-day notice requirement before filing a foreclosure action.

The trial court determined plaintiff's notice of forfeiture was inadequate because defendant cured his default before plaintiff filed the foreclosure action. As stated, defendant did not make the $130,000 payment to discharge the full outstanding balance under the acceleration clause. Neither party indicated the payment was made on the condition plaintiff would not demand the accelerated balance. Plaintiff indicated the parties' dismissal of her forfeiture action did not relieve defendant of his ongoing contractual obligations. The record did not show defendant cured his default, preventing plaintiff from demanding the accelerated balance and seeking foreclosure if defendant did not pay that balance. Plaintiff notified defendant of his default before filing the forfeiture action, and plaintiff did not have to provide new notice before seeking foreclosure.

Lastly, defendant argues this Court should affirm the grant of summary disposition, because plaintiff waived her contractual right to seek foreclosure. This argument lacks merit. Defendant relies on *Houston v Lud*, 119 Mich App 55, 59; 325 NW2d 623 (1982) (citation omitted), in which this Court stated, "If a vendee in default is recognized by the vendor as having existing rights under the contract, the default becomes quiescent, and a valid forfeiture will have to await a new default...." This Court subsequently noted "the doctrine of waiver has been applied to forfeiture only[,]" not to a foreclosure action. *Minchella v Fredericks*, 138 Mich App 462, 474; 360 NW2d 896 (1984). Even if plaintiff could waive her foreclosure claim, defendant recapitulates his unsuccessful arguments related to election of remedies and accord and satisfaction. In defendant's view, plaintiff waived her right to pursue remedies based on defendant's default when she accepted his payment. However, since plaintiff did not obtain a judgment of possession or writ of restitution, filing and dismissing her forfeiture action did not bar plaintiff from seeking foreclosure based on defendant's continuing default. Defendant could not have reasonably believed his payment would discharge his obligation to pay the accelerated balance. Neither party indicated the payment was made to discharge a possible foreclosure claim. There was no evidence from which the trial court could have concluded plaintiff waived her contractual right to seek foreclosure. The trial court erred by granting defendant summary disposition and barring plaintiff's foreclosure claim.

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Mariam S. Bazzi
/s/ Brock A. Swartzle
/s/ Adrienne N. Young